In re SACO LOCAL DEVELOPMENT CORP., Leather Comfort Corporation, Kirstein Leather Co. d/b/a Saco Tanning Corp., Kirstein Split Corporation, Debtors.

Roderick R. ROVZAR, Trustee, Plaintiff,

v.

DIAMOND INTERNATIONAL, Defendant.

Bankruptcy Nos. 281–00151 to 281–00154. Adv. No. 281–0229.

United States Bankruptcy Court, D. Maine.

Dec. 21, 1982.

See also, Bkrtcy., 25 B.R. 876.

Gregory Tselikis, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Karen B. Lovell, Smith & Elliott, Saco, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The chapter 7 trustee seeks to recover as avoidable preferences two payments by the debtor[1] to Diamond International. Diamond asserts that the payments it received from the debtor are insulated from recovery by the trustee by 11 U.S.C. § 547(c)(2).

On March 26, 1981, the debtor filed for relief under chapter 11 of the Code and an order for relief was entered. On May 20, 1981, the case was converted to chapter 7 and the plaintiff was appointed and qualified as trustee.

The parties stipulated the facts. From November 2, 1980 to November 22, 1980, Diamond furnished the debtor with building materials having a value of $2,492.15. The debtor paid for these materials by check dated January 9, 1981. Diamond credited this payment to the debtor's account on January 15, 1981, and the check was honored by the drawee bank on January 19, 1981.

During the period from December 1, 1980 through December 10, 1980, Diamond furnished the debtor with additional building materials having a value of $1,445.47. The debtor paid for these materials by check

dated March 2, 1981. Diamond credited this second payment to the debtor's account on March 10, 1981, and the check was honored by the drawee bank on March 13, 1981.

Diamond does not seriously dispute that the trustee has established two avoidable transfers. It is quite clear that the payments were transfers to a creditor on account of antecedent debts made while the debtor was insolvent.[2] The payments were made within 90 days before the filing of debtor's petition and the payments enable Diamond to receive more than it would receive if the transfer had not been made and Diamond received payment to the extent provided by the Bankruptcy Code. 11 U.S.C. § 547(b).

The thrust of Diamond's argument is that it qualifies for the exception to avoidability contained in section 547(c)(2). Subsection (c) provides:

The trustee may not avoid under this section a transfer—

. . . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms . . . .

This court has previously ruled that all four elements of section 547(c)(2) must be satisfied to qualify for the exception to avoidability and that the creditor-transferee bears the burden of proving that he is entitled to the benefit of the exception. *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)*, 25 B.R. 876 (Bkrtcy.D.Me. Dec. 15, 1982).

---

1. All references to the debtor are to Saco Tanning Division of Kirstein Leather Company.

2. The debtor is presumed to have been insolvent on and during the 90 days immediately

preceding the filing of its petition. 11 U.S.C. § 547(f). There is no evidence in this proceeding to rebut the presumption.

Diamond has failed to establish that the payments were made "not later than 45 days after such debt was incurred" as required by section 547(c)(2)(B). The first debt was incurred on November 22, 1980 (at the latest) and paid by a check received and posted on Diamond's books on January 15, 1981, 54 days later. The debt was incurred when the debtor first became obligated to pay. *Rovzar v. Biddeford & Saco Bus Garage, Inc., supra; Barash v. Public Finance Corp.,* 658 F.2d 504, 510 (7th Cir.1981). The date of delivery of a check is the date of payment for purposes of computing the 45 day period of section 547(c)(2). *Rovzar v. Biddeford & Saco Bus Garage, Inc., supra;* 124 Cong.Rec. H11,097 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). The second debt was incurred on December 10, 1980 (at the latest) and paid by check received and posted on Diamond's books on March 10, 1981, 90 days later.

Diamond argues that the court should interpret subsection (c)(2) as giving rise to a presumption only and allow it to show a course of dealing between the parties to establish that none of the potential abuses that section 547 was designed to prevent are present here. The court is not persuaded. Congress, in enacting section 547(c), sets out objective criteria for establishing qualifications for the exceptions. *Barash v. Public Finance Corp.,* at 511. This court will not attempt to expand upon what Congress has done.

Judgment will be entered for the plaintiff trustee for the total amount of the preferential transfers.