**In re SACO LOCAL DEVELOPMENT CORP. Leather Comfort Corporation Kirstein Leather Co. d/b/a Saco Tanning Corp. Kirstein Split Corporation, Debtors.**

**Roderick R. ROVZAR, Trustee, Plaintiff,**

v.

**SOUTHERN MAINE METAL, INC., Defendant.**

**Bankruptcy No. 281–00151 to 281–00154. Adv. No. 281–0245.**

United States Bankruptcy Court, D. Maine.

June 1, 1983.

Gregory Tselikis, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Alan Nelson, Smith & Elliott, Saco, Me., for defendant.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee seeks to recover, as an avoidable preference under section 547(b) of the Bankruptcy Code, a payment received by Southern Maine Metal, Inc., from the debtor, the Saco Tanning Division of Kirstein Leather Company. 11 U.S.C.A. § 547(b) (1979). Southern Maine Metal argues that the challenged transfer is protected from avoidance by section 547(c)(2). 11 U.S.C.A. § 547(c)(2) (1979). The court concludes that the trustee successfully established all the elements of section 547(b) and that Southern Maine Metal failed to establish the section 547(c)(2) defense.

Sometime prior to November 21, 1980, Southern Maine Metal performed sheet metal work for the debtor. The debtor paid Southern Maine Metal by check in the amount of $677.50 on January 27, 1981. The debtor filed a petition under chapter 11 on March 26, 1981. On May 20, 1981, the case was converted to chapter 7, and a trustee was appointed.

Section 547(b) allows the trustee to recover a transfer of the debtor's property from a creditor if five elements are established: the transfer 1) was made to the creditor; 2) on account of antecedent debt; 3) while the debtor was insolvent; 4) within 90 days before filing; and 5) enabled the creditor to receive more than it would have received

under chapter 7. The trustee bears the burden of proving all five elements. *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)*, 25 B.R. 876, 878 (Bkrtcy.D.Me.1982). Southern Maine Metal does not seriously dispute that the trustee has established all five elements of section 547(b).[1]

■■■ Southern Maine Metal received $677.50 in a preferential transfer under section 547(b). It argues that section 547(c)(2) limits its liability for the preferential transfer. Section 547(c)(2) provides:

The trustee may not avoid under this section a transfer—to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred.

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms;

The section 547(c) defenses are affirmative defenses and the burden is on the creditor to establish them. *Rovzar v. Diamond International (In re Saco Local Development Corp.)*, 25 B.R. 880, 881 (Bkrtcy.D.Me.1982). In this proceeding, Southern Maine Metal must establish all four elements of section 547(c)(2). Here elements (A), (C), and (D) are present, but element (B) is not.

Section 547(c)(2)(B) requires that the transfer be made not later than 45 days after the debt was incurred. Southern Maine Metal admits that it has not satisfied subsection (c)(2)(B) but argues that the 45 day limit is not an absolute requirement.

This court has previously ruled that section 547(c)(2) sets out objective criteria, which must be satisfied to qualify for the exception. *Rovzar v. Diamond International (In re Saco Local Development Corp.)*, 25 B.R. 880, 882 (Bkrtcy.D.Me.1982). Southern Maine Metal has failed to establish the section 547(c)(2) affirmative defense.

An appropriate order will be entered.

---

1. The trustee requested the court to take judicial notice of the bankruptcy case as a whole for the purpose of making the section 547(b)(5) determination. In *Rovzar v. Chemical Sales & Service Co. (In re Saco Local Development Corp.)*, 30 B.R. 862, at 864–865 (Bankr.D.Me. 1983), this court concluded that it was appropriate to take judicial notice of the bankruptcy case, including all documents filed in the case, when making a section 547(b)(5) determination. In that proceeding, which involved the same debt-

or, the court concluded that in this case the dividend to the unsecured creditor will be less than 100%. *Id.* at 866. As pointed out in *Chemical Sales & Service Co.*, "[a]ny dividend less than 100% ensures that, unless the transfer is avoided, [the creditor] will receive more than it would receive if it were paid to the extent provided by the provisions of the Code." *Id.* at 865. Therefore, Southern Maine Metal received more.