**In re SACO LOCAL DEVELOPMENT CORP. Leather Comfort Corporation Kirstein Leather Co. d/b/a Saco Tanning Corp. Kirstein Split Corporation, Debtors.**

**Roderick R. ROVZAR, Trustee, Plaintiff,**

**v.**

**GOLTEN SHIP REPAIR, INC., Defendant.**

**Bankruptcy Nos. 281–00151 to 281–00154. Adv. No. 281–0201.**

United States Bankruptcy Court, D. Maine.

June 2, 1983.

---

**869**

Gregory Tselikis, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Robert J. Keach, Verrill & Dana, Portland, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee seeks to recover, as a preferential transfer under section 547(b) of the Bankruptcy Code, a payment received by Golten Ship Repair, Inc., from the debtor, the Saco Tanning Division of Kirstein Leather Company. 11 U.S.C.A. § 547(b) (1979). Golten asserts that the trustee has failed to establish an element of section 547(b). In addition, Golten argues that the challenged transfer is protected from avoidance by section 547(c)(4). 11 U.S.C.A. § 547(c)(4) (1979). The court concludes that the trustee successfully established all the elements of section 547(b) and that Golten failed to establish the section 547(c)(4) defense.

The parties have stipulated to the facts in this proceeding. From October 9 to 15, 1980, Golten performed repair work on the debtor's boilers at a cost of $944.28. From February 9 to 12, 1981, Golten performed additional repair work at a cost of $1,143.30. On February 13, 1981, the debtor mailed a check in the amount of $944.28 to Golten in payment for the October 1980 work. The record does not reveal when Golten received the check. Golten has not been paid for the work done in February of 1982. The debtor filed a petition under chapter 11 on March 26, 1981. On May 20, 1981, the case was converted to chapter 7, and a trustee was appointed.

Section 547(b) allows the trustee to recover a transfer of the debtor's property from a creditor if five elements are established: the transfer 1) was made to the creditor; 2) on account of antecedent debt; 3) while the debtor was insolvent; 4) within 90 days before filing; and 5) enabled the creditor to receive more than it would have received under chapter 7. The trustee bears the burden of proving all five elements. *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)*, 25 B.R. 876, 878 (Bkrtcy.D.Me.1982).

Golten does not seriously dispute that the trustee has established elements one through four. It argues, however, that the trustee failed to prove the fifth element. Section 547(b)(5) provides:

> [T]he trustee may avoid any transfer of property of the debtor—that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In this proceeding, the trustee requests the court to take judicial notice of the bankruptcy case as a whole for the purpose of making the section 547(b)(5) determination. In *Rovzar v. Chemical Sales & Service Co. (In re Saco Local Development Corp.)*, 30 B.R. 862, at 864–865 (Bkrtcy.D.Me.1983), this court concluded that it was appropriate to take judicial notice of the bankruptcy case, including documents filed in the case, when making a section 547(b)(5) determination. In that proceeding, which involved the same debtor, the court concluded that in this case the dividend to the unsecured creditor will be less than 100%. *Id.* at 866. As pointed out in *Chemical Sales & Service Co.*, "[a]ny dividend less than 100% ensures

that, unless the transfer is avoided, [the creditor] will receive more than it would receive if it were paid to the extent provided by the provisions of the Code." *Id.* at 865. Therefore, Golten received more.

Golten received a preferential transfer in the amount of $944.28 under section 547(b). Golten argues that section 547(c)(4) limits its liability for this transfer. Section 547(c)(4) provides:

> The trustee may not avoid under this section a transfer—to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
> (A) not secured by an otherwise unavoidable security interest; and
>
> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

The section 547(c) defenses are affirmative defenses and the burden is on the creditor to establish them. *Rovzar v. Diamond International (In re Saco Local Development Corp.)*, 25 B.R. 880, 881 (Bkrtcy.D.Me.1982). Section 547(c)(4) requires the creditor to show that *after* the preferential transfer the creditor extended new value to the debtor, which is unsecured and remains unpaid. *Rovzar v. Prime Leather Finishes Co. (In re Saco Local Development Corp.)*, 30 B.R. 859, at 861 (Bkrtcy.D.Me.1983).

For the purposes of section 547(c)(4), the transfer occurs on the date the check is received. *Rovzar v. Commonwealth Laboratories, Inc. (In re Saco Local Development Corp.)*, Adv. No. 281–0226, slip op. at 3 (Bankr.D.Me. Dec. 28, 1983). Here the record does not reveal the date of receipt; however, it is obvious that Golten could not have received the debtor's check before February 13, 1981, the date the check was mailed. Under section 547(c)(4), a creditor extends new value to the debtor when it

ships goods or renders services to the debtor. *Prime Leather Finishes Co.*, at 861. Here Golten performed additional services for the debtor between February 9 and 12, 1981. Thus, Golten has not shown that it extended new value to the debtor *after* the preferential transfer. Golten has failed to establish the section 547(c)(4) affirmative defense.[1]

An appropriate order will be entered.

---

1. Golten argues that the court should find that it is equitably entitled to the defense because it relied on the debtor's promise that Golten would receive a check prior to February 9, 1981, when it performed additional services. This court has previously ruled that the section

547(c) defenses set out objective criteria, which must be satisfied to qualify for the exception. *Diamond International*, 25 B.R. at 882. Equitable considerations play no part in the determination. *Biddeford & Saco Bus Garage, Inc.*, 25 B.R. at 880.