## SACO LOCAL DEVELOPMENT CORP., Leather Comfort Corporation, Kirstein Leather Co. d/b/a Saco Tanning Corp., Kirstein Split Corporation, Debtors.

### Roderick R. ROVZAR, Trustee, Plaintiff,

### v.

### SEABOARD CHEMICALS, INC., Defendant.

#### Adv. No. 281–0214.

United States Bankruptcy Court, D. Maine.

June 2, 1983.

---

Gregory Tselikis, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Charles J. Kickham, Jr., Brookline, Mass., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee seeks to recover, as avoidable preferences under section 547(b) of the Bankruptcy Code, payments received by Seaboard Chemicals, Inc., from the debtor, the Saco Tanning Division of Kirstein Leather Company. 11 U.S.C.A. § 547(b) (1979). Seaboard argues that the challenged transfers are protected from avoid-

ance by subsections (c)(1) and (c)(4) of section 547. 11 U.S.C.A. § 547(c)(1), (4) (1979). The court concludes that the trustee successfully established all the elements of section 547(b) and that Seaboard gave $1,024.76 in new value under section 547(c)(4).

In September and October of 1980, Seaboard shipped goods to the debtor. Seaboard received checks from the debtor in the amount of $2,381.29 on January 13, 1981, $1,194.17 on February 18, 1981, and $1,758.27 on March 2, 1981, in payment for the shipments.[1] Seaboard shipped additional goods to the debtor at a value of $414.63 on January 6, 1981, $3,264.98 on January 9, 1981, and $1,024.76 on February 11, 1981.

The debtor filed a petition under chapter 11 on March 26, 1981. On May 20, 1981, the case was converted to chapter 7, and a trustee was appointed. The trustee demands judgment under section 547(b) against Seaboard in the amount of $5,333.75, the total of the three allegedly preferential transfers.

Section 547(b) allows the trustee to recover a transfer of the debtor's property from a creditor if five elements are established: the transfer 1) was made to the creditor; 2) on account of antecedent debt; 3) while the debtor was insolvent; 4) within 90 days before filing; and 5) enabled the creditor to receive more than it would have received under chapter 7. The trustee bears the burden of proving all five elements. *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.),* 25 B.R. 876, 878 (Bkrtcy.D.Me.1982). Seaboard does not seriously dispute that the trustee has established all five elements of section 547(b).[2]

---

1. Apparently Seaboard received another check in the amount of $205.87 from the debtor on January 29, 1981. The trustee has not attempted to avoid this transfer, and the court will disregard it.

2. The trustee requested the court to take judicial notice of the bankruptcy case as a whole for the purpose of making the section 547(b)(5) determination. In *Rovzar v. Chemical Sales & Service Co. (In re Saco Local Development Corp.),* 30 B.R. 862, at 864–865 (Bkrtcy.D.Me.

1983), this court concluded that it was appropriate to take judicial notice of the bankruptcy case, including all documents filed in the case, when making a section 547(b)(5) determination. In that proceeding, which involved the same debtor, the court concluded that in this case the dividend to the unsecured creditor will be less than 100%. *Id.* at 866. As pointed out in *Chemical Sales & Service Co.,* "[a]ny dividend less than 100% ensures that, unless the transfer is avoided, [the creditor] will re-

Seaboard received $5,333.75 in preferential transfers under section 547(b). It argues that section 547(c)(1) limits its liability for the preferential transfers. Section 547(c)(1) provides:

The trustee may not avoid under this section a transfer—to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

The section 547(c) defenses are affirmative defenses and the burden is on the creditor to establish them. *Rovzar v. Diamond International (In re Saco Local Development Corp.),* 25 Bankr. 880, 881 (Bankr.D.Me. 1982).

Seaboard asserts that the January 13, 1981 payment was a contemporaneous exchange for goods shipped to the debtor on January 9, 1981. In order to qualify for the exception, the parties must intend to make a contemporaneous exchange. *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)* 25 B.R. 876, 879 (Bkrtcy.D.Me.1982). It is clear from the evidence presented that the January 13, 1981 payment was on account of a September 1980 shipment and not in exchange for the current shipment. Therefore, Seaboard failed to establish the section 547(c)(1) defense.[3]

Seaboard also argues that the net result rule limits its liability for the preferential transfers. This court has previously ruled that the net result rule has been replaced in the Code with section 547(c)(4)'s subsequent advance rule. 11 U.S.C.A. § 547(c)(4) (1979); *see Rovzar v. Prime Leather Finishes Co. (In re Saco Local Development*

*Corp.),* 30 B.R. 859, at 861 (Bankr.D.Me. 1983). Section 547(c)(4) provides:

The trustee may not avoid under this section a transfer—to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

Section 547(c)(4) requires the creditor to show that *after* the preferential transfer the creditor extended new value to the debtor, which is unsecured and remains unpaid. *Prime Leather Finishes Co.,* at 861.

In this proceeding, the evidence reveals the following transactions:

| | Preference | New Value | Net Preference |
|---|---|---|---|
| 1/6/81 | | $ 414.63 | |
| 1/9/81 | | $ 3,264.98 | |
| 1/13/81 | $2,381.29 | | |
| 2/11/81 | | $ 1,024.76 | $1,356.53 |
| 2/18/81 | $1,194.17 | | $1,194.17 |
| 3/2/81 | $1,758.27 | | $1,758.27 |
| | | | $4,308.97 |

Using the language of section 547(c)(4), Chemical Sales gave new value in the amount of $1,024.76 *after* the $2,381.29 preferential transfer of January 13. Thus, Seaboard qualifies for the section 547(c)(4) exception in that amount.

From the above chart it is clear that Seaboard received avoidable transfers totalling $4,308.97.

An appropriate order will be entered.

---

ceive more than it would receive if it were paid to the extent provided by the provisions of the Code." *Id.* at 865. Therefore, Seaboard received more.

**3.** In its answer, Seaboard appears to assert a section 547(c)(2) defense; however, it did not seriously pursue this defense. Seaboard would

not qualify for the section 547(c)(2) defense because each payment was made more than 45 days after each debt was incurred. 11 U.S.C.A. § 547(c)(2)(B) (1979); *see Rovzar v. Diamond International (In re Saco Local Development Corp.),* 25 B.R. 880, 882 (Bkrtcy.D.Me.1982).