In re HARTWIG POULTRY, INC., Debtor.

HARTWIG POULTRY, INC., Plaintiff,

v.

CW SERVICE, et al., Defendants.

Bankruptcy No. 84–0256.

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 24, 1986.

John J. Hunter, Toledo, Ohio, for plaintiff-debtor.

John T. Ducker, Dayton, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motions For Summary Judgment filed by Defendant Kendall's Transport Refrigeration, Inc. (hereinafter Kendall), and by the Plaintiff against Kendall. The parties have each submitted arguments as to the merits of these motions and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Plaintiff's Motion For Summary Judgment should be GRANTED, and that Kendall's Motion For Summary Judgment should be DENIED.

### FACTS

The Plaintiff in this adversary proceeding is the Debtor-In-Possession in the related Chapter 11 case. The Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court on October 19, 1982. In an effort to collect assets for the estate, the Debtor-In-Possession filed this action against numerous Defendants, including Kendall. The Complaint alleges a cause of action for the recovery of a preference pursuant to the provisions of 11 U.S.C. Section 547. Subsequent to the filing of the Complaint, the Debtor-In-Possession submitted to Kendall a set of interrogatories and a request for admissions. These requests were directed at discovering certain facts which surround the alleged preference. As set forth in the pleadings, the responses to the discovery requests, and the exhibits attached thereto, it appears that Kendall was employed by the Debtor-In-Possession to perform maintenance on certain refrigeration units. In response to the invoices which were sent to the Debtor-In-Possession for the work, the Debtor-In-Possession issued two checks to Kendall from its operating accounts. The relevant dates of the service and the payments are shown below:

| Invoice No. | Date of Service | Date Pymt. Due | Amount | Date of Pymt. |
|---|---|---|---|---|
| 2715 | 7/12/82 | 7/26/82 | $ 4.22 | 8/27/82 |
| 2736 | 7/12/82 | 7/26/82 | $ 497.09 | 8/27/82 |
| 2784 | 7/15/82 | 7/26/82 | $ 387.93 | 8/27/82 |
| 2851 | 7/19/82 | 8/2/82 | $ 181.82 | 8/27/82 |
| 2913 | 7/27/82 | 8/10/82 | $ 35.19 | 8/27/82 |
| 2912 | 7/27/82 | 8/10/82 | $ 84.80 | 8/27/82 |
| 3072 | 8/21/82 | 9/3/82 | $ 211.36 | 10/8/82 |
| 3071 | 8/21/82 | 9/3/82 | $ 56.84 | 10/8/82 |
| 3073 | 8/21/82 | 9/3/82 | $2,628.88 | 10/8/82 |

It should be noted that the date of payment is the date on which the funds were debited from the Debtor-In-Possession's account. The invoices sent by Kendall represent billings for both labor and materials which were utilized during the course of the maintenance.

In its Motion For Summary Judgment, the Debtor-In-Possession contends that by virtue of the proximity between the payments and the filing of the Petition, and that fact that the invoices were paid subsequent to the date on which payment was due, the payments constitute voidable preferences under 11 U.S.C. Section 547. On the other hand, Kendall contends that because of the proximity between the rendition of services and the payments for those services, the payments are subject to the "business expense" exception to an otherwise voidable preferential transfer.

### LAW

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. Section 547 stated in pertinent part:

"(b) ... the trustee may avoid any transfer of property of the debtor-

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

"(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms."

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the amendments. *See,* P.L. 98–353 Section 553(a).

Under these provisions, a trustee or a debtor-in-possession, *see,* 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7

proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon),* 34 B.R. 626 (Bkcy.D.Kan. 1983).

A trustee could not avoid a transfer which was intended by the debtor, and which was, in fact, a contemporaneous exchange for new value. *Ray v. Security Mutual Finance Corp. (In re Arnett),* 731 F.2d 358 (6th Cir.1984). The most determinative factor in assessing whether or not a transfer was a contemporaneous exchange is the intent of the parties to create such an exchange. *McClendon v. Cal-Wood Door (In re Wadsworth Bldg. Components, Inc.),* 711 F.2d 122 (9th Cir.1983). In that regard, it is generally held that when a transfer to a creditor is accomplished by check, the transfer does not occur until the check is honored by the drawee bank. *See, Harris v. Harbin Lumber Co. of Royston, Inc. (Matter of Ellison),* 31 B.R. 545 (Bkcy.M.D.Ga.1983).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson),* 33 B.R. 572 (Bkcy.N.D. Ohio 1983), *Simmons v. Landon (In re Landon),* 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

I

In considering the Debtor-In-Possession's Motion For Summary Judgment, a review of the facts finds that the Debtor-In-Possession made two payments to Kendall, and that these two payments were made within the ninety (90) day period which preceded the filing of the Petition. The facts also show that the payment which was made on August 27, 1982, was made on service which was given more than forty-five (45) days prior to the payment, and some value which was given less than forty-five (45) days from the date of

payment. July 13, 1982, appears to be the cutoff date. (The Debtor-In-Possession has sued to recover only that portion of the August 27, 1982, payment which covers the July 12, 1982, service. Therefore, only that portion of the transfer will be considered.) The payment made on October 8, 1982, was made approximately one and one-half (1½) months subsequent to the date on which Kendall actually rendered the services. Since no security interest appears to have been taken in connection with the debt, it is clear that these were payments made to an unsecured creditor on account of an antecedent debt. Furthermore, the Debtor-In-Possession is presumed to have been insolvent during the ninety day period. *See*, 11 U.S.C. Section 547(f).

Although not presented in connection with the Motion For Summary Judgment against Kendall, the Debtor-In-Possession has presented in Motions For Summary Judgment against other defendants evidence of the fact that such defendants received more as a result of the transfer than would have been received under a liquidation. In that regard the Debtor-In-Possession has offered the affidavit of its counsel, wherein it indicated that at the time of the filing of the Petition the Debtor-In-Possession had approximately One Million Eight Hundred Thousand and no/100 Dollars ($1,800,000.00) in liabilities and One Hundred Seventy and no/100 Dollars ($170,000.00) in assets. A review of the evidence indicates that had the Debtor-In-Possession been liquidated, Kendall, a general unsecured creditor, would receive approximately ten percent (10%) of its claim. Since Kendall was paid a substantially greater percentage of its claims a result of the transfer than it would under a liquidation, it must be concluded that the final element of a preferential transfer has been shown. It must also be concluded that, in the absence of a viable defense, the Debtor-In-Possession is entitled to judgment as a matter of law.

## II

In considering Kendall's Motion For Summary Judgment, a review of the facts appears to reflect that Kendall performed maintenance on the Debtor-In-Possession's refrigeration units. In that respect, it could be argued that the payments for parts and labor were a contemporaneous exchange for new value. Although it is unclear whether or not parts and labor qualify as "new value", the availability of the defense also requires some evidence that the parties intended the transfer to be a contemporaneous exchange. In addition, there must be a showing that the transfer was, in fact, a contemporaneous exchange. The record presently before the Court bears no evidence as to the intent of the parties or the actual value of Kendall's services.

Similarly, the facts show that some of the services performed by Kendall fell within the forty-five day period which preceded the payment. While inclusion or exclusion from this forty-five day period is the primary focus of the business expense defense, the availability of the defense also requires a showing that the debts were incurred in the ordinary course of the Debtor-In-Possession's business. It also requires the debts to have been paid according to ordinary business terms. In this case, there is no evidence as to the circumstances surrounding the debt, nor is there any evidence as to the Debtor-In-Possession's ordinary practice in paying its ongoing obligations.

■ In the same manner that a plaintiff must demonstrate all elements of a cause of action, so too must a defendant demonstrate all elements of a defense. *See, Rovzar v. Southern Maine Metal, Inc. (In re Saco Local Development Corp.)*, 30 B.R. 867 (Bkcy.D.Me.1983). As to both the contemporaneous exchange defense and the business expense defense, Kendall has failed to submit sufficient evidence which establishes that the transfers in question fall within the exceptions available under 11 U.S.C. Section 547(c). Therefore, it must be concluded that there are questions of material fact as to the circumstances surrounding the transfers to Kendall, and

that Kendall is not entitled to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Debtor-In-Possession's Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Kendall's Transport Refrigeration, Inc.'s Motion For Summary Judgment be, and is hereby, DENIED.

It is FURTHER ORDERED that Judgment be, and is hereby, GRANTED for the Plaintiff against the Defendant, Kendall's Transport Refrigeration, Inc., in the amount of Three Thousand Three Hundred Ninety-four and 17/100 Dollars ($3,394.17).