**BEST CORPORATION, d/b/a Abe's Auto Warehouse, Plaintiff,**

v.

**GIBSON CHEMICAL & OIL CORPORATION, Defendant.**

**Bankruptcy No. 2-85-00122.**
**Adv. No. 2-86-0173.**

United States Bankruptcy Court,
D. Connecticut.

April 20, 1987.

**70**

James G. Green, Jr. and Jeanine M. Dumont, Pepe & Hazard, Hartford, Conn., for plaintiff.

Robert G. DelGadio and Randolph E. White, Garden City, N.Y., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The dispositive issue in this adversary proceeding brought by Best Corporation, the debtor in possession in this chapter 11 case, against Gibson Chemical & Oil Corporation (Gibson) is whether, for purposes of § 547(c)(4) of the Bankruptcy Code, a transfer occurs upon delivery of a check or at the time the check is honored. The following background is based upon the pleadings and a brief evidentiary hearing held on March 12, 1987.

### II.

The debtor, in the business of selling auto parts, purchased motor oils and chemicals from Gibson. At the start of their business relationship in 1982, the parties had agreed that the debtor would pay Gibson's invoices approximately seventy days after the debtor picked up the ordered merchandise at Gibson's plant. In April, 1984, the debtor's principal officer was killed in an airplane accident, following which Gibson required that the debtor make an equivalent payment on past-due invoices

before Gibson would permit a further sale to the debtor.

In early December, 1984, when its indebtedness to Gibson exceeded $9,000.00, the debtor placed a $3,297.00 order with Gibson. When the debtor arrived on December 12, 1984, to receive the merchandise, it tendered, and Gibson accepted, a check dated December 10, 1984, for $3,000.00. The check, as in all prior instances, was not certified. The check was honored by the debtor's bank on December 14, 1984. Gibson credited the $3,000.00 check to an invoice dated October 3, 1984. There were no subsequent transactions between the parties. The debtor filed a chapter 11 petition on February 15, 1985, and commenced this action on August 29, 1986, to recover the $3,000.00 payment as a preferential transfer.

### III.

Section 547(b) of the Bankruptcy Code provides that the debtor may avoid any transfer of property of the debtor:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—(A) on or within 90 days before the date of the filing of the petition;

. . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Gibson apparently concedes the presence of all the elements of § 547(b), but claims the protection of three exceptions provided under § 547(c) to the debtor's avoidance power: the transaction was a contemporaneous

exchange for new value, § 547(c)(1);[1] the payment was made in the ordinary course of business, § 547(c)(2);[2] and the payment was offset by a subsequent advance of goods to the debtor, § 547(c)(4).[3] The debtor denies that the transaction comes under any of these exceptions. In view of the court's ruling on the § 547(c)(4) issue, Gibson's first two contentions need not be considered.

### III.

In claiming that Gibson is not entitled to the protection of § 547(c)(4), the debtor relies on this court's decision in *Boatman v. B.F. Goodrich Co. (In re Choice Vend, Inc.)*, 49 B.R. 719, 12 Conn.L.Trib. #5 (Bankr.D.Conn.1985). In that proceeding, it was decided that for purposes of § 547(b), a "transfer" occurs when a check is honored, not when the check is presented to the creditor. If the transfer here is held to be on December 14, 1984, the date the check was honored, then Gibson gave its new value of $3,297.00 to the debtor before, not after, the transfer. While acknowledging that the *Choice Vend* opinion was expressly limited to the terms of § 547(b), the debtor contends that "Congress did not intend the word 'transfer' to have a different meaning under § 547(c)(4) than under § 547(b)."

I disagree. The widely-prevailing view among courts and commentators is that for purposes of § 547(c)(4), the transfer occurs when the debtor *delivers* a check to the creditor, as long as the check is honored. Advances of cash or goods made by the creditor subsequent to delivery of the check are, therefore, within the scope of § 547(c)(4).

[T]he courts consistently have held that, for the purposes of section 547(c)(4), a transfer occurs when the debtor's check is delivered to the creditor, at least when the drawee later honors the check. Thus, the creditor who is encouraged by receipt of the check to extend new unsecured credit without waiting for the check to clear may invoke section 547(c)(4) to apply the credit against the trustee's recovery of an earlier preference.

Countryman, *The Concept of a Voidable Preference in Bankruptcy*, 38 Vand.L. Rev. 713, 784 (1985). Section 547(c)(4) was intended to encourage creditors to continue doing business with troubled enterprises, and this intent is best served by allowing creditors to rely on receipt of a check, rather than requiring that the check first clear. *Leathers v. Prime Leather Finishes Co.*, 40 B.R. 248, 251 (D.Me.1984). Contrary to the debtor's suggestion, the term "transfer" need not have a uniform definition throughout § 547. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 373, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6329; 124 Cong.Rec. H 11,097

---

1. § 547. *Preferences*

. . . . .

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange . . . .

2. § 547. *Preferences*

. . . . .

(c) The trustee may not avoid under this section a transfer—

. . . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms

. . . . .

3. § 547. *Preferences*

. . . . .

(c) The trustee may not avoid under this section a transfer—

. . . . .

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor. . . .

(9/28/78); S 17,414 (10/6/78). Accordingly, because Gibson delivered merchandise to the debtor after receipt of the check, and the merchandise was of greater value than the amount of the check, the payment by the debtor to Gibson is not avoidable as a preferential transfer. *See Leathers v. Prime Leather Finishes Co., supra; Gold Coast Seed Co. v. Spokane Seed Co. (In re Gold Coast Seed Co.),* 30 B.R. 551, 553 (Bankr. 9th Cir.1983); *Chaitman v. Paisano Automotive Liquids, Inc. (In re Almarc Mfg., Inc.),* 62 B.R. 684, 687–89 (Bankr.N.D.Ill.1986); *Remes v. Acme Carton Corp. (In re Fasano/Harriss Pie Co.),* 43 B.R. 871, 876 (Bankr.W.D.Mich.1984); *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.),* 38 B.R. 829, 837 (Bankr.M.D.Ga.1984); *Chemical Separations Corp. v. Irons (In re Chemical Separations Corp.),* 36 B.R. 141, 143 (Bankr.E.D.Tenn.1984); *Philadelphia Light Supply Co. v. B.R.K. Elec. (In re Philadelphia Light Supply Co.),* 33 B.R. 734, 739 (Bankr.E.D.Pa.1983); *Rovzar v. Golten Ship Repair, Inc. (In re Saco Local Devel. Corp.),* 30 B.R. 868, 870 (Bankr.D.Me.1983); *contra Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corporation),* 56 B.R. 339, 397–98 (Bankr. D.Minn.1985).

## IV.

■ Gibson filed a counterclaim to the debtor's complaint seeking legal fees on the ground that the debtor's complaint is frivolous. To the extent that Gibson still pursues this contention, its counterclaim is denied.

It is hereby determined that the debtor shall take nothing on its complaint, that Gibson take nothing on its counterclaim, that this action be dismissed on the merits and that Gibson recover of the debtor its costs of action.

This Memorandum shall constitute Findings of Fact and Conclusions of Law mandated by Bankruptcy Rule 7052.