## In re BRISTOL INDUSTRIES.

### Patrick W. BOATMAN, Trustee,

v.

### CONNECTICUT BRASS & COPPER, INC.

### Civil No. H–88–439(JAC).

United States District Court, D. Connecticut.

Sept. 6, 1989.

Martin W. Hoffman, Hartford, Conn., for plaintiff.

---

Thomas A. Rouse, Christoper Reeves, Hartford, Conn., for defendant.

## RULING ON APPEAL FROM JUDGMENT OF THE BANKRUPTCY COURT

JOSÉ A. CABRANES, District Judge:

This appeal raises the issue of whether, for purposes of section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b), funds transmitted in nine checks were transferred when the checks were delivered to the defendant or when they were honored. Relying on his earlier opinion in *Boatman v. B.F. Goodrich Co. (In re Choice Vend)*, 12 Conn.L.Trib. No. 5, February 3, 1986, at 21 (Bankr.D.Conn.1985), Chief Bankruptcy Judge Krechevsky held that the funds were not transferred until the checks were honored and granted judgment for trustee Patrick Boatman allowing him to avoid $99,335.15 as preferential transfers. The judgment of the Bankruptcy Court is affirmed.

The facts are well presented in Judge Krechevsky's opinion and are not in dispute. On May 20, 1981, ninety-two days before the debtor filed a voluntary chapter 11 petition, the check at issue was delivered to defendant. However, the check was not honored until two days later, bringing it within the 90 day period for voidable preferences. *See* 11 U.S.C. § 547(b)(4)(A).

The issue of when funds are transferred by check for purposes of § 547(b) continues to divide bankruptcy courts. Because this is the first time the District of Connecticut has ruled on this controversy and because my holding differs from that of another judge within the Second Circuit, *see Eisenberg v. J.L. International (In re Sider)*, 47 B.R. 406 (Bankr.S.D.N.Y.1985); *but see, In re Duffy*, 3 B.R. 263 (Bankr.S.D.N.Y.1980),

I set forth in some detail my reasons for affirming.

### I

Section 547(b) provides in relevant part:
Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(4) made—
(A) on or within 90 days before the date of the filing of the petition....

No other statutory provisions direct, and no legislative history suggests, when a transfer by check is "made." Defendant-appellant argues that guidance can be found in subsections (c) and (e) of § 547.

### A. *Section 547(c)*

■ , Section 547(c) lists the exceptions to the trustee's avoidance powers.[1] Legislative history to that section states explicitly that "[p]ayment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to have been made when the check is delivered for purposes of Section 547(c)(1) and (2)." 124 Cong.Rec. H11,097 (daily ed. Sept. 28, 1978) (statement of Senator DeConcini). The Court of Appeals for the Ninth Circuit has taken this and other statements about § 547(c) to apply to § 547(b) as well. *Shamrock Golf Company & Richcraft, Inc.*, 680 F.2d 645 (9th Cir.1982); *Morrow v. Agri–Beef Co. (In re Kenitra)*, 797 F.2d 790 (9th Cir.1986) (expanding *Shamrock* to cover Bankruptcy Code cases), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987).

However, I am persuaded that the two subsections have entirely different aims, which require different interpretations of when funds pass by check. Subsections (1)

---

1. Section 547(c) provides:
   A trustee may not avoid under this section a transfer—
   (1) to the extent that such transfer was ... a contemporaneous exchange for new value given to the debtor ...
   (2) to the extent such a transfer was ... made in the ordinary course of business ...
   (3) that creates a security interest in property acquired by the debtor ... that is perfected on

or before ten days after the debtor receives possession of such property
   (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor ...
   (5) of a perfected security interest in inventory or a receivable or the proceeds of either ...
   (6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title ...

and (2) of § 547(c) are designed to encourage creditors to continue dealing with distressed businesses; treating the drawing of a check as equivalent to a cash transfer serves this end by making more ordinary business transactions unavoidable contemporaneous transfers. In contrast, Section 547(b) was intended to ensure that all creditors are treated equally by allowing transfers to favored creditors to be set aside; because the boundaries of the avoidable preference period are arbitrary, there is no reason to depart from the standard commercial practice that a check transfers no rights until it is honored. See Note, " 'Transfer By Check': The 90 Day Rule of Preference Recovery Under Section 547(b) of the Bankruptcy Code", 1987 Duke L.J. 712, 724–25 ("Note"). Applying different rules for check transfers under section 547(b) and section 547(c) does not appear to create any particular difficulty. *See, e.g., Best Corp. v. Gibson Chemical and Oil Corp.*, 73 B.R. 69 (Bankr.D.Conn.1987).

### B. *Section 547(e)*

■ Section 547(e) defines when a transfer occurs for preference purposes, but offers no clear solution to the issue presented here.[2] Section 547(e)(2)(A) directs that a transfer is made "at the time such transfer takes effect between transferor and transferee, if such transfer is perfected at, or within ten days after, such time." Based on this section, some courts have held that checks transfer funds at the date of delivery as long as they are honored within ten days. *Eisenberg v. J.L. International, Ltd. (In re Sider Ventures & Service Corp.)*, 33 B.R. 708 (Bankr.S.D.N.Y.1983), *aff'd*, 47 B.R. 406 (S.D.N.Y.1985); *Samore*

*v. Ehresmann (In re Advance Industries, Inc.)*, 63 B.R. 677 (Bankr.N.D.Iowa 1986). However, relying on this language begs the question of whether delivery of a check causes a transfer to take "effect between transferor and transferee," the exact question at issue. Further, § 547(e)(1)(B) appears to direct the opposite result by stating that a transfer is only perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."[3]

I find reliance upon either of these collateral provisions misplaced. Moreover, I note that several courts have held, on the basis of the legislative history, that Congress intended § 547(e)(2) to apply only to secured transactions. *Remes v. Acme Carton Corp. (In re Fasano/Harriss Pie Co.)*, 43 B.R. 871 (Bankr.W.D.Mich.1984), *aff'd*, 71 B.R. 287 (W.D.Mich.1987) and cases cited therein.

### II

■ Because I am not persuaded that the statute states, or even clearly suggests, when a transfer is effected by check, I turn to other relevant considerations. In everyday commerce and under the Uniform Commercial Code ("UCC"), an ordinary check does not create an interest in the possessor until it is honored. Until a check has been honored, several events can prevent the payee from ever receiving his money. The drawer may stop payment on the check, there may be insufficient funds in the account to cover it, or the account may be garnished. In any of these cases the check creates no new rights in the payee which he would not have without the check; it is merely an order to a third party to pay a

---

**2.** Section 547(e):

(1) For the purposes of this section—
(A) a transfer of real property ... is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and
(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
(A) at the time such a transfer takes effect between the transferor and transferee, if such transfer is perfected at, or within 10 days after, such time;
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; . . . .

**3.** *Artesani v. Travco Plastics Co. (In re Super Market Distributors)*, 25 B.R. 63 (Bank.D.Mass. 1982).

sum to a designated person. The UCC as adopted in Connecticut, Conn.Gen.Stat.Ann. § 42a–3–409(1), provides that:

> A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for payment, and the drawee is not liable on the instrument until he accepts it.

*See also Klein v. Tabatchnick,* 610 F.2d 1043, 1049 (2d Cir.1979) ("The check itself was merely a request to the drawee bank to pay ... it did not operate as an assignment of ... funds[.]"). A payee's rights under a certified check are quite different; because a certified check creates rights against the drawee upon its delivery, such transfers are appropriately treated as cash equivalents. *Meister v. State National Bank of Connecticut (In re Mailbag International, Inc.),* 28 B.R. 905 (Bankr.D. Conn.1983) (contrasting rights under ordinary and certified checks).

 The rule requiring that a check be honored before a transfer occurs corresponds to economic reality and governs transactions in non-bankruptcy settings. A persuasive argument must be made for departing from this simple and sensible rule. The majority of courts which have considered this issue have held that transfers ought to occur for § 547(b) purposes at the same time they occur under non-bankruptcy law. See *Choice Vend, supra,* and cases cited therein; Note, *supra,* and cases cited therein.

Although the issue was not raised by the parties, I note that in the Ninth Circuit—the principal jurisdiction to have adopted the minority transfer-on-delivery rule—that rule has already produced undesirable results. The Ninth Circuit holds that delivery of a check operates as a transfer of the funds, but only if the check is honored in a reasonable time. *In re Wolf & Vine,* 825 F.2d 197, 201 (9th Cir.1987) (holding transfer did not occur until check honored where payee held check for four months). The conceptual result of this rule in cases where a check is not cashed within a reasonable time is worthy of medieval metaphysics: First the delivery of a check transfers funds to the payee, but those funds

become "untransferred" when the payee fails to present the check within a reasonable time, finally to be truly transferred when the check is honored. This series of transmutations demonstrates that the majority rule—adopted by the Bankruptcy Court here—works more smoothly on a theoretical, as well as on a practical, level.

### Conclusion

For the reasons stated above, the judgment of the Bankruptcy Court is affirmed.

It is so ordered.