**In re Matt JASIN dba Mansion View Motor Lodge, Debtor(s).**

**Bankruptcy No. 86–01228.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 23, 1987.

Vaughn Hoblet, Toledo, Ohio, for debtor.

Suzanne Cotner Mandross, Toledo, Ohio, trustee.

Joseph Shibley, Toledo, Ohio, for Mace & Ruth Stuart.

Brian J. Hoch, Toledo, Ohio, for Security Funding.

Eugene F. Canestraro, Toledo, Ohio, for Citi–Tel.

Andrew J. Ayers, Toledo, Ohio.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Trustee's Motion for Summary Judgment and Memorandum in Support Thereof, and Plaintiff's Memorandum in Opposition to Trustee's Motion for Summary Judgment. The Court has reviewed the Motions, Memorandums and Exhibits filed by the parties, as well as the entire record in this case. Based on that review and for the following reasons, the Trustee's Motion for Summary Judgment is Denied.

## FACTS

The parties have stipulated to the following facts. The Debtor, Matt Jasin, filed for protection under 11 U.S.C. Chapter 7 on June 17, 1986. Included in the schedule of assets of this Debtor were all assets at the mansion house located at 2036 Collingwood, and those assets at the Motor Lodge at 2031 Collingwood.

On or about July 16, 1986, a Motion for Abandonment and Relief from Stay was filed by Security Funding Corporation. The Motion sought relief from stay for the purpose of filing an action to retrieve its secured collateral. The secured collateral was described in the Motion and the attached lease and financing statement. The Motion was granted by the Court on August 25, 1986, such relief being granted as to the following property:

Toshiba Strata 6 with 15 phones—Sumaphor Call Accounting System with printer and modem PCX 3500 and one Gladwin pay phone.

On or about March 11, 1987, a Motion for Relief from Stay and Order Disclaiming and Abandoning any Interest in Property, was filed by Citi–Tel Communications, "an unsecured creditor".

The property sought for Abandonment and Relief from Stay was allegedly attached to the Motion and labeled Exhibit A. However, the Trustee's copy of the Motion did not include the attachment. Subsequent documentation received by the Trustee indicates that the subject property was a "Mitel SX–20 with 5 lines, 1 console, 3 Superset, 3 phones, 10 SLT (single line telephones) and a Summa Four PCX–3600".

Citi–Tel argues that while it is unsecured on the contract to sell the telephone system to the Debtor, the contract was conditioned on the Debtor securing financing with Se-

curity Funding Corporation. Because the financing package which was to be provided by Security Funding did not come to fruition, the intended sale of the telecommunication system in question became, by implication, a "lease" of said equipment between the Debtor and Citi–Tel. Citi–Tel argues for this result based on the fact that Security Funding was, according to Citi–Tel, going to rent the phones to Matt Jasin and the Mansion View Motor Lodge.

Citi–Tel cites *In re Morrison–Barnhart Motors*, 142 F.Supp. 845 (N.D.Ohio, 1956) for the proposition that a lessee's claim is superior to the interest of the Trustee, and that the lessee can therefore, compel a return of leased personal property.

It should be noted that Citi–Tel did not raise the "lease" agreement as a defense during the Pre–Trials which were held on this issue. No affidavits have been filed in support of Citi–Tel's assertion. Moreover, the contract for the phone system is one of Citi–Tel's form contracts, and it provides, after "Purchaser's Name", "Mansion View Motor Lodge". Further, the contract states:

It is further understood and agreed between the parties that this, along with the General Terms and Conditions, is the complete agreement between the parties and that there are no written or oral understandings or agreements directly or indirectly connected with this Agreement not incorporated herein. The contract cannot be changed or modified except in writing and with the consent of all parties.

The contract is signed by Matt Jasin as "Purchaser".

## LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See*, Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.*, 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253 (Bankr.N.D.Ohio 1987).

In the present case, the Creditor admitted to being unsecured in the stipulation. However, even though there appears to be a purchase agreement signed by the parties, Citi–Tel now asserts that the phones were actually leased. Counsel for Citi–Tel has signed the Memorandum in Opposition to Trustee's Motion for Summary Judgment. Under Rule 11 of the Federal Rules of Civil Procedure:

... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Accordingly, though the assertions in Citi–Tel's Brief are not supported by affidavits on Summary Judgment, the Court must assume that the assertions are true and are warranted by existing law.

The first issue that must be considered when a seemingly inconsistent agreement is alleged to supersede a written contract, is the parol evidence rule. O.R.C. 1302.05, which corresponds to U.C.C. 2–202, states:

**1302.05 Final Written expression; parol or extrinsic evidence**

Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:

(A) by course of dealing or usage of trade as provided in section 1301.11 of the Revised Code or by a course of performance as provided in section 1302.11 of the Revised Code; and

(B) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

Although the contract contains an "integration" or "merger clause", Ohio law apparently prevents the granting of Summary Judgment. The only Ohio case which addresses the granting of Summary Judgment based on the parol evidence rule is *Camargo Cadillac v. Garfield Enterprises*, 3 Ohio App.3d 435, 445 N.E.2d 1141 (1982). In *Camargo*, the Court of Appeals reversed the trial court's decision granting Summary Judgment. The Court held that when a court is faced with the issue of an agreement which would contradict, explain or supplement a writing, one of the first determinations to be made under O.R.C. § 1302.05 is whether the writing is "a complete and exclusive statement of the terms of the agreement" between the parties. *Camargo Cadillac*, 3 Ohio App.3d at 437, 445 N.E.2d at 1144.

Under *Camargo*, the Court's determination of the intent of the parties cannot be based on the four corners of the document standing alone. Rather, the Court must review whatever evidence is put forward by the parties as to their intentions. *Camargo Cadillac, supra* 3 Ohio App.3d at 438, 445 N.E.2d at 1144–1145. The Court of Appeals goes on, in *dicta*, to state: "[s]ome jurisdictions allow the conclusion that the document is only a partial integration even though it contains a merger or integration clause." 3 Ohio App.3d at 439, 445 N.E.2d at 1145. Moreover, if the existence of a lease is to be proven by evidence of course of performance, it would be admissible even if it contradicted the express terms of the agreement. 3 *Bender's Sales & Bulk Transfers Under The Uniform Commercial Code*, § 4.08[3] at 4–292 to 4–293.

In short, *Camargo* holds that the parol evidence rule does not exclude consideration of extrinsic evidence about communications that express intentions of the parties. Instead, it allows initial consideration of all such evidence, and the facts and circumstances surrounding the agreement. Citi–Tel's Memorandum in Opposition to the Trustee's Motion for Summary Judgment provides so little information about the facts and circumstances surrounding the "lease by implication" that the Court must, resolving all doubts in favor of the party opposing the Motion, find that an issue of material fact exists, preventing Summary Judgment based on the parol evidence rule.

Assuming that City–Tel can overcome the parol evidence rule at Trial, and its burden of proof, the question remains as to whether the "lease" is a "true lease", or a lease intended as security under O.R.C. § 1309.02(B) and § 1301.01(KK). If the lease was intended as security, it must be perfected to be given priority. *See* O.R.C. § 1309.21. If, however, it was a "true lease", the rights of Citi–Tel as a lessee would appear to defeat the rights of the Trustee. *See In re New Items Co., Inc.,* 72 B.R. 1017 (Bankr.N.D.Ohio 1987); *Carlson v. Tandy Computer Leasing,* 803 F.2d 391 (8th Cir.1986).

Accordingly, the Court relying on counsel's assertions made under Rule 11, must find that issues of material fact remain which preclude Summary Judgment under Ohio law.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Therefore, it is

ORDERED that the Trustee's Motion for Summary Judgment be, and is hereby, DENIED.

It is FURTHER ORDERED that this matter be, and is hereby, set for Trial on Thursday, December 10, 1987 at 1:30 P.M., Courtroom No. 2, Room 119, United States

Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.