**In re Willie H. PERRY, Debtor.**

**William H. PERRY, Plaintiff,**

**v.**

**FIFTH THIRD BANK OF TOLEDO, Defendant.**

**Bankruptcy No. 90–0182.**

**No. 1–90–00863.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 11, 1990.

Carl N. White, Toledo, Ohio, for plaintiff.

Laurie J. Pangle, First Nat. Bank of Toledo, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint requesting damages for Defendant's violation of Stay. The Defendant filed a Motion for Summary Judgment and Memorandum in Support as well as a Motion to Stay Response to Interrogatories. A Hearing was held on the Motion to Stay. The Court granted the Motion to Stay. Subsequently, the Court has reviewed the Memorandum for Summary Judgment, the relevant case law, the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court believes the Defendant's Motion for Summary Judgment should be denied.

### FACTS

The facts are undisputed. On July 21, 1986, Plaintiff, Willie Perry, signed and delivered a promissory note to Defendant, Fifth Third Bank, which was secured by a second mortgage on Ms. Perry's home. On January 12, 1990, Ms. Perry's home was destroyed by fire. Ms. Perry offered a quit claim deed in satisfaction of her debt. A review of the real estate records reflected that Fifth Third was the record owner of the property and the City of Toledo sent notice to Fifth Third that the property was a public nuisance. Defendant filed suit in Lucas County Court of Common Pleas on March 6, 1990, asking that the quit claim deed be declared void and, thus, Ms. Perry be responsible for abatement of the public nuisance.

On March 19, 1990, Ms. Perry filed a Chapter 7 Bankruptcy petition. On March 21, 1990, Plaintiff's counsel sent Notice of the Bankruptcy petition and Notice of the Stay to the Defendant. On March 26, 1990, Fifth Third filed suit in Lucas County Court of Common Pleas seeking redress for Ms. Perry's default on the promissory note. On March 29, 1990, Plaintiff's counsel filed the Bankruptcy Notice. Defendant dismissed its claim on March 30, 1990. Subsequently, Plaintiff's counsel filed this action asking for damages for Defendant's violation of the Bankruptcy Stay. Defendant has filed a Motion for Summary Judgment. Defendant admits that it violated the stay, but contends that damages should not be awarded because the violation was not intentional.

For the following reasons, the Court finds that Defendant's Motion should be denied.

### LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. The Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Jasin*, 80 B.R. 418 (Bankr. N.D. Ohio, W.D.1987). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253 (Bankr.N.D.Ohio 1987).

In the case at bar, the Defendant, Fifth Third Bank, made a Motion for Summary Judgment. Fifth Third Bank admits it violated the Section 362 stay, but denies that such violation was intentional. Defendant contends that since the violation was unintentional, damages should not be awarded. The Court finds this argument unpersuasive.

Under Bankruptcy Code Section 362(h), "an individual injured by any *willful violation* of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. section 362(h) (emphasis added).

Willful violation has been interpreted by the courts as "any deliberate act taken in violation of a stay, which the violator knows to be in existence," and that "[a]n additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages pursuant to 11 U.S.C. section

362(h)." *Carroll v. Tri–Growth Centre City, Ltd.,* 903 F.2d 1266, 1272 (9th Cir. 1990); *Crysen/Montenay Energy Co. v. Esselen Associates, Inc.,* 902 F.2d 1098, 1105 (2nd Cir.1990); *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989). In the case at bar, Plaintiff's counsel served on the Defendant on March 21, 1990 notice of the Bankruptcy petition and Stay. Defendant admits receipt of this notice; and yet, on March 26, 1990, Defendant filed an action against the Plaintiff in the Court of Common Pleas for an outstanding pre-petition debt. Applying the *Carroll* rationale, this Court finds that the Defendant had knowledge of the stay and yet willfully violated the automatic stay provision of Section 362. The Court, however, does not find that the Defendant acted in bad faith.

Although it is clear that the Defendant violated the stay, the extent of Plaintiff's actual damages is unclear from the facts presented. A trial will need to be held to determine damages.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Therefore, it is

ORDERED that the Defendant's Motion for Summary Judgment be, and is hereby, DENIED.

It is FURTHER ORDERED that the Plaintiff is to review her interrogatories and resubmit only those dealing with the issue of damages.

It is FURTHER ORDERED that this matter be, and is hereby, set for Trial on Wednesday, October 24, 1990, at 10:00 A.M., Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.