In re Joseph A. SOSTARICH, Doris V. Sostarich, Debtors.

Ruth B. LUTON, Plaintiff,

v.

Joseph A. SOSTARICH, Defendant.

Bankruptcy No. 3–82–01424.
Adv. No. 3–83–0266.

United States Bankruptcy Court,
W.D. Kentucky.

July 22, 1985.

Donald R. Pierce, and Louis M. Nicoulin, Louisville, Ky., for defendant/debtor.

David Vish, Louisville, Ky., for plaintiff.

## MEMORANDUM-OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on plaintiff's motion for summary judgment on her Complaint for non-dischargeability pursuant to 11 U.S.C. Section 523(a)(2)(A). The plaintiff-creditor asserts that a Tennessee State Court judgment entered against the defendant herein based on fraud, collaterally estops the defendant from relitigating the issue of fraud before this Court. In response, debtor alleges that the judgment was obtained in the Tennessee Court by default; that debtor was denied the opportunity to present evidence; that debtor has a meritorious defense to the Tennessee cause of action, and that the Tennessee Court did not actually litigate all the necessary elements to prove this Section 523(a)(2)(A) action.

The issue presented is whether this Court should give res judicata or collateral estoppel effect to the Order of Judgment entered by Chancery Court of Shelby County, Tennessee on March 14, 1983, in deciding whether this debt is non-dischargeable as a matter of law. The Tennessee Judgment is based on a finding of fraud by the defendant, and further, the Judgment was based on a Complaint which contained an allegation that:

"the defendant, Joseph A. Sostarich herein, obtained money and/or property and/or services and/or an extension renewal or refinance of credit by false pretenses and/or a false representation or actual fraud in that the actions of the Master Licensor's agents, caused the creditor to rely upon said statements and that said statements causing her to rely were made with the intent to deceive which was done so."

■ It is well-settled that the burden is upon the plaintiff to prove that the questioned debt is non-dischargeable. *In re Stephens*, 26 B.R. 389 (Bkrtcy., W.D.Ky. 1983); *In re Hodges*, 4 B.R. 513 (Bkrtcy., W.D.Va.1980). The burden is also on the plaintiff in this case to prove it is entitled to res judicata and that the elements of estoppel have been met. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *Matter of Merrill*, 594 F.2d 1064, 1067 (5th Cir.1979).

A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *In re Independent Clearing House Co.*, 41 B.R. 985 (Bkrtcy., D.Utah 1984). If there remains a genuine issue as to any material fact, then the motion must be overruled, and the case tried on the merits. Fed.R.Civ.P. 56(c); Rules of Bankruptcy Procedure 7056.

Keeping those principles in mind, the Court must determine the substance and effect of the Tennessee Judgment against the defendant on the basis of fraud, i.e., whether the doctrines of collateral estoppel and res judicata apply.

■ It is well-settled that the doctrine of res judicata forecloses all that which might have been litigated previously, while collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In *Brown, supra,* Justice Blackmun extensively addressed the issue of the res judicata effect of a state court judgment in regard to dischargeability of a debt. *Brown, supra* states that res judicata should be applied sparingly since it "may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to the truth." *Id.* at 132, 99 S.Ct. at 2210. The Sixth Circuit Court of Appeals adopted the holding of *Brown* in *Spilman, supra,* 656 F.2d at 226, stating that in *Brown,* the Supreme Court "*. . . rejected res judicata in a dischargeability proceeding.*" Therefore, the Court finds that res judicata does not apply in this dischargeability action.

Turning to the issue of the application of collateral estoppel, the Supreme Court in *Brown, supra,* expressly left open the question whether or not collateral estoppel would apply in a dischargeability proceeding. *See* 99 S.Ct. at 2213 n. 10. The Sixth Circuit, however, answered this question affirmatively in *Spilman, supra.*

■ Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome. *Spilman, supra* at 228; *Merrill, supra* at 1067. Several cases emanating from this District have also considered the applicability of the doctrine of collateral estoppel and res judicata in challenges to discharge under 11 U.S.C. Section 523. *In re Davis,* 23 B.R. 633 (Bkrtcy., W.D.Ky. 1982); *In re Miller,* 23 B.R. 636 (Bkrtcy., W.D.Ky.1982); and *In re Channel,* 23 B.R. 638 (Bkrtcy., W.D.Ky.1982).

Thus, before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated in the state court. The debtor has raised a question as to whether the issue of fraud by the defendant that meets the standards set forth in Section 523(a)(2)(A) was actually litigated. The debtor, by his own affidavit and that of his bankruptcy counsel, asserts that he and his bankruptcy counsel were informed that the trial of the Tennessee action was continued; that based on such information, he did not appear at the trial nor did he have an opportunity to present evidence and assert defenses, thus making the Tennessee Judgment a default judgment against him. If this is in fact a default judgment, the important issues were not actually litigated in the prior proceeding. Therefore, the doctrine of collateral estoppel would not apply and the debtor would not be precluded from presenting defenses to this non-dischargeability action. *Spilman, supra* at 228; *In re Davis,* 23 B.R. 639, 640 (Bkrtcy., W.D.Ky.1982). However, the Court notes that the Order of Judgment was signed as "approved" by Donald Cherry, attorney for Joseph A. Sostarich. Further, the Court notes that in the first paragraph of the Order of Judgment, it is stated that Mr. Cherry was in attendance at the trial of the case held on March 2nd and 3rd, 1983.

■ Therefore, the Court is unclear as to whether the Tennessee Judgment was a default or "in the nature of a default." *In re Davis, supra* at 640. Further, the only thing before this Court is the judgment of the state court, not the entire record of the state proceeding, and we cannot determine what issues were actually litigated in the Tennessee Court. *Spilman, supra* at 228. Therefore, we find that the plaintiff has failed to sustain her burden of proving that the requirements of estoppel have been met. Accordingly, there remain genuine issues of material fact as to what transpired in the Tennessee Court, whether the judgment entered against defendant was in fact a default judgment, and whether debtor was represented by counsel with opportunity to present evidence in the Tennessee Court.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.

A separate Order will be entered this date overruling the plaintiff's motion for summary judgment.