### In re Michael A. FAHEY Debtor.

### Yvonne HILLER Plaintiff,

### v.

### Michael Anthony FAHEY Defendant.

**Bankruptcy No. 3–86–02519.**
**Adv. No. 3–86–0006.**

United States Bankruptcy Court,
W.D. of Kentucky.

Sept. 11, 1986.

Daniel B. Boone, Louisville, Ky., for plaintiff.

Michael A. Fahey, Louisville, Ky., defendant/debtor.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on plaintiff's motion for Summary Judgment on its action pursuant to 11 U.S.C. Section 523(a)(6), alleging that the debt due the plaintiff arises from a claim for willful and malicious injury to the plaintiff by the debtor and, therefore, is nondischargeable.

The defendant-debtor, Michael Anthony Fahey, was convicted in the Superior Court of California, Los Angeles County, Northwest Branch, of rape in concert, assault with a deadly weapon, forcible oral copulation in concert, and forcible false imprisonment. The guilty verdict was affirmed on appeal on January 7, 1982 by the Court of Appeals of the State of California.

During the course of the criminal proceedings, the plaintiff brought a civil action for negligence, negligent infliction of emotional distress, assault and battery, intentional infliction of emotional distress, and false imprisonment. On April 20, 1984, trial was held on these actions and a jury gave a special verdict finding the plaintiff entitled to $135,000.00 with interest for compensatory damages. The jury further found that the debtor had acted with "oppression or actual malice" and assessed punitive damages of $130,000.00 against him.

On October 9, 1985, the debtor filed bankruptcy, and scheduled the judgment debt due the plaintiff to be discharged.

The plaintiff argues that the doctrine of collateral estoppel bars relitigation by this Court of whether the injury to her was willful and malicious as defined by 11 U.S.C. Section 523(a)(6). The plaintiff asserts that this issue has been actually litigated in the California negligence action, and a final judgment was entered, finding that the defendant was "guilty of oppression or actual malice".

First, the Court notes that the standard for summary judgment is that the moving party is entitled to summary judgment only if there are no genuine issues of material fact to be decided at trial. Fed.R.Civ.P. 56; Bankruptcy Rules 7056. Secondly, it must be noted that the burden is on the plaintiff to prove that the elements of estoppel have been met. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *In re Sostarich*, 53 B.R. 27, 28 (Bkrtcy.,W.D.Ky.1985).

Keeping these principles in mind, the Court must determine the substance and effect of the California judgment against this defendant. Collateral estoppel requires that the precise issue in the later proceedings has been raised in the prior proceeding, that the issue was actually litigated, and that the determination was essential to the prior judgment. *Spilman, supra* at 228. The Bankruptcy Court then must determine whether the issue of "willful and malicious injury" was actually litigated in the California case and a judgment rendered upon which such a finding was essential.

We think that a careful reading of the pleadings from the California case, including the transcript, the jury instructions and verdict, reveals that this issue was actually

litigated and that the determination was essential to the favorable judgment for the plaintiff.

The applicable jury instructions read in pertinent part:

Whether or not the defendant's involvement in those acts complained of by plaintiff and for which he was convicted were *committed to oppress or with actual malice* and, if so, the amount of punitive damages, if any, which should be assessed against the defendant for sake of example and by way of punishment. (Emphasis added).

In the instructions, "malice" is defined as:

" ... a motive and willingness to vex, harass, annoy, or injure another person. Malice may be shown by direct evidence of declarations of hatred or ill-will or it may be inferred from acts and conduct, such as by showing that the defendant's conduct was *wilful, intentional, and done in reckless disregard of its possible results.* (Emphasis added).

'Oppression' means subjecting a person to cruel and unjust hardship in conscious disregard of his rights."

The jury's special verdict stated that the plaintiff was entitled to a judgment in the amount of $135,000.00 with interest, and that she was awarded $130,000.00 in punitive damages because of their finding that the defendant was "guilty of oppression or actual malice".

We think there has seldom been a clearer case of the application of collateral estoppel. The determination that this injury was a "willful and malicious" one was clearly litigated in the prior proceeding, and a jury, after a three day trial, determined that the plaintiff was entitled to a judgment. Said judgment was based on jury instructions which contain a standard which is almost identical to the applicable standard in bankruptcy pursuant to Section 523(a)(6). Collateral estoppel bars relitigation of this issue by this Court.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate order will be entered this date.