**In re Eugene F. WEITZEL, Debtor.**

**Amy PESAK, Plaintiff,**

**v.**

**Eugene F. WEITZEL, Defendant.**

**Bankruptcy No. 86–0179.**
**Related Case No. 86–00940.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 24, 1987.

David C. Barrett, Jr., C. Drew Griffith, Toledo, Ohio, for plaintiff.

William White, Lima, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Motion for Summary Judgment in the above entitled adversary action. The parties have filed their written arguments respecting the merits of the Motion, have had the opportunity to respond to the arguments of opposing counsel, and affidavits have been submitted. The Court has reviewed the written arguments, the affidavits, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be DENIED.

## FACTS

The facts necessary for this decision do not appear to be in serious dispute. Summary Judgment is sought pursuant to a judgment rendered in the Court of Common Pleas of Franklin County, Ohio, in April of 1985. Plaintiff's Complaint states that the lawsuit resulted from the sale of a solar energy system to the Plaintiff, Amy Pesak, on November 1, 1983. The system cost $7,000.00. The Complaint further alleges that the Defendant made false statements to induce the Plaintiff to purchase the system, in violation of Ohio consumer protection statutes.

The judgment was rendered in Case Number 83CV–12–7014, styled *Amy Pesak v. American Sun-Lite, et al* which states:

### Referee's Report

To the Honorable George C. Smith
  Franklin County Court of Common Pleas

Pursuant to Civil Rule 53, this case was referred to this Referee. In off the record discussions, Plaintiff and Defendant Virgil Poling were able to reach a mutually acceptable settlement agreement. The Referee recommends that the Court sign an entry to be prepared by Plaintiff's counsel dismissing Defendant Poling with prejudice.

As to the remaining Defendants, neither Defendant Eugene Weitzel nor Defendant American Sun-Lite, Inc. appeared personally or through counsel, even though they had notice of the scheduled trial date.

Based on the evidence presented, the Referee finds that Defendant American Sun-Lite, acting through its employees, and Defendant Weitzel, made several false representations to Plaintiff Amy Pesak to induce her to buy their solar heating system. Once installed, the system did not perform as promised; did not suit Plaintiff's stated needs; would not have lasted long enough to create a net savings to Plaintiff, and caused damage to her roof and attic. The Referee incorporates Plaintiff's exhibits into this report. These failings of American Sun-Lite's product and Defendant's sales promotion were violations of the Ohio Consumer Sales Practices Act, § 1345.01 et seq. O.R.C.

As a result of these violaitons, Plaintiff lost her down payment of $3,500.00, incurred costs of $325.00 to remove the panels, and $3,100.00 to fix the roof and attic. This was in part offset by a $1,000.00 credit from the panel manufacturer for returned goods. Plaintiff's out-of-pocket expenses total $5,925.00. She has also incurred attorney fees of $3,500.00.

Because of the statutory violations, and the existence of false representations by Defendants about the solar heating system, the Referee recommends that the Court enter judgment for Plaintiff Amy Pesak against American Sun-Lite, Inc., and Eugene Weitzel in the amount of $5,925.00 compensatory damages, $3,500.00 attorney fees, $8,500.00 punitive damages, plus costs and interest.

The Plaintiff alleges that the Defendant participated in the state court proceeding up to the point of the Referee's Hearing. No documentation was filed with the Court evidencing such participation.

Plaintiff seeks to have the state court judgment found to be nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). The Motion for Summary Judgment is based on the prior adjudication in the state court proceeding acting to preclude the relitigation of the claims in Bankruptcy Court under the doctrines of res judicata and collateral estoppel.

Defendant-Debtor, Eugene Weitzel, opposes the Motion for Summary Judgment. He claims that he was financially unable to afford legal counsel at the time the case was being tried. Defendant claims he was a "scapegoat" who was not directly involved in the sale of the solar energy system. The Defendant cites *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) as requiring the Court to deny Plaintiff's Motion and allow evidence to be presented to the Court on the dischargeability of the debt.

## LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.,* 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky.1985).

■ First, Plaintiff contends that the state court judgment precludes relitigation of the finding of fraud by the Bankruptcy Court under the doctrine of res judicata. Res judicata is "claim preclusion" which forecloses the litigation of matters which may have never been litigated. Claim preclusion therefore encompasses the law of merger and bar. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56, 59 n. 1 (1984). Plaintiff argues that the Supreme Court case *Brown v. Felsen* is not applicable to the case before the Court because *Brown* only discussed evidence *extrinsic* to the judgment and record of a previous state court decision (emphasis added in Plaintiff's memorandum).

■ A narrow reading of *Brown v. Felsen* is not supported by the overwhelming weight of authority. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Spilman v. Harley,* 656 F.2d 224, 226 (6th Cir.1981); *Matter of Wintrow,* 57 B.R. 695, 698 (Bankr.S.D.Ohio 1986). This Court agrees with the majority of case law, that res judicata, or claim preclusion, does not limit the Bankruptcy Court's inquiry into dischargeability issues.

The Plaintiff further argues that only under § 523(a)(5)(B) does the Bankruptcy Code grant the Court the authority to relitigate issues previously decided by a state court. Plaintiff notes that § 523(a)(2)(A) does not contain language granting a right to relitigate disputes that have been heard and decided at the state court level. This argument runs contra to the developing judicial interpretation of the exclusive nature of the Bankruptcy Court's power to determine the dischargeability of debts under 11 U.S.C. § 523(c). As stated in *Spilman v. Harley,* 656 F.2d 224, 226 (6th Cir.1981):

The power to determine dischargeability was granted to bankruptcy courts by the 1970 Amendments to the Bankruptcy Act. Congress intended to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 2211-12, 60 L.Ed.2d 767 (1979); *Matter of Pigge,* 539 F.2d 369, 371 (4th Cir.1976)

(footnote omitted)

■ In light of this controlling Sixth Circuit Court of Appeals Opinion, among others, this Court is chary of adopting so exotic an interpretation.

Finally, Plaintiff has asked, in the alternative, for the debt to be found nondischargeable based on collateral estoppel. In *Brown v. Felsen* the Supreme Court expressly left open the question whether or not collateral estoppel would apply in dischargeability proceedings:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.

442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10, 60 L.Ed.2d at 776 n. 10.

In *Spilman v. Harley,* the Sixth Circuit Court of Appeals addressed the use of collateral estoppel, or "issue preclusion", in dischargeability litigation. The Court held that where all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues. 656 F.2d at 228.

■ The use of collateral estoppel in a dischargeability proceeding requires that

the precise issue constituting the grounds for nondischargeability were raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome. *Spilman, supra* at 228; *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky.1985). Therefore, the initial inquiry must address whether the issue was actually litigated in state court.

■ As reproduced above, the only materials documenting the state court litigation is the Referee's Report. This does not appear to be a sufficient record to invoke the doctrine of collateral estoppel under existing case law. Although the Debtor, Eugene P. Weitzel, is listed under "Appearances" in the Referee's Report, Plaintiff's Reply Memorandum acknowledges that the Debtor did not appear. If this is in fact a default judgment against the Debtor, the necessary issues were not actually litigated. *In re Sostarich*, 53 B.R. at 29.

■ Further, the burden of proof in an action to prevent discharge is "clear and convincing evidence". *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985). In the present case, an examination of the record before the Court does not reveal the standard of proof used to arrive at the judgment against the Debtor. Generally, to establish fraud in Ohio, a "preponderance of the evidence" standard is used. *See Household Finance Corp. v. Altenberg*, 5 Ohio St.2d 190, 214 N.E.2d 667 (1966); 51 O.Jur.3d *Fraud and Deceit* §§ 255, 256 (1984). For collateral estoppel to preclude relitigation, the burdens of proof must be identical, or the standard used in the state court must be even more stringent. If the standards of proof are not identical, as in the present case, Summary Judgment based on collateral estoppel is inappropriate. *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986); *Matter of Wintrow*, 57 B.R. at 702; *Schwartz v. Renville Farmers Co-op Credit Union*, 44 B.R. 266 (Minn.1984).

Finally, Plaintiff has failed to provide the extensive record necessary if the Court is to grant Summary Judgment. As stated in *Spilman v. Harley, supra:*

Thus, before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment ... or hold a hearing if necessary ...

(citation omitted)

■ Plaintiff's Reply Memorandum states that the Debtor was deposed, with counsel present, in preparation for the state court proceeding. However, this deposition has not been filed with the Court. Nor has Debtor's state court counterclaim been provided. Moreover, the Referee's Report includes the statement "The Referee incorporates Plaintiff's exhibits into this report", but those exhibits were not filed in the present case. As previously noted, the only record before this Court is the Referee's Report, which was apparently adopted in its entirety by the state court. This is not the detailed record which appears to be contemplated by the Sixth Circuit Court of Appeals in *Spilman* and *Wheeler.*

## CONCLUSION

Plaintiff has failed to show the applicability of collateral estoppel in this matter. The record does not show that the issue of fraud was actually litigated. Instead, it appears that the Judgement is a default, or is in the nature of a default. Equally important, the record does not reveal the standard of proof used by the state court in rendering the Judgment. Further, a Judgment, unless extraordinarily detailed, usually does not appear to be a sufficient record upon which to grant Summary Judgment in an action to prevent discharge based on collateral estoppel. Plaintiff's other arguments run counter to well established legal principles, and, therefore, are not grounds for Summary Judgment for the Plaintiff.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or

**258**

not they are specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion for Summary Judgment be, and is hereby, DENIED.