**In re Jack FIRSDON and Ruth Firsdon, Debtor(s).**

**John J. FIRSDON, Plaintiff(s),**

v.

**Jack L. FIRSDON, et al., Defendant(s).**

Bankruptcy No. 86–0109.
Related Case No. 82–00479.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 18, 1987.

Robert Woodley, Toledo, Ohio, Michael D. Reed, Sr., Toledo, Ohio, for Jack Firsdon.

Jerry Lee, Bowling Green, Ohio, for Mid-American and Joseph Verda.

John J. Hunter, Toledo, Ohio, for Luckey Farmers, Inc.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Trustee's Motion for Summary Judgment. A Motion to Dismiss Request for Summary Judgment filed by the Trustee, and a Reply and Memorandum in Opposition to Motion for Summary Judgment have been filed with the Court. The Court has reviewed the written arguments filed by the parties. Based on that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be Denied.

### FACTS

The Motion for Summary Judgment is based upon a set-off by Mid-Am Bank which the Trustee contends was made without authorization and outside the ordinary course of business. The Trustee contends that, as a matter of law, there is no right to set-off a post-petition debt from a D–I–P account without Court approval because the D–I–P account is property of the estate. Mid-Am Bank asserts that the Bank was authorized by the Debtor to made the payments, and that the transaction was made in the ordinary course of business. Further, Mid-Am maintains that the Motion for Summary Judgment should be denied because the Trustee has not included copies of the documents referred to in the Motion, and has failed to include supporting affidavits.

### LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that she is entitled to judgment as a matter of law. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253 (Bankr.N.D.Ohio 1987).

In the instant case, the Motion for Summary Judgment does not include any exhibits or supporting affidavits. Moreover, it appears, when viewed in the light most favorable to the party opposing the Motion for Summary Judgment, that the Movant has failed to meet her burden of proof that there are no genuine issues of material fact.

Therefore, it is

ORDERED that the Motion for Summary Judgment be, and is hereby, DENIED.