In re William/Maria GARGAC, Debtors.

Jean STEWART, et al., Plaintiff(s),

v.

William/Maria GARGAC, Defendants.

Bankruptcy No. 87–0251.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 5, 1988.

John P. Donahue, Perrysburg, Ohio, for plaintiffs.

John P. Korn, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint to Determine Dischargeability of Debt. At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony and the arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the damages resulting from the Debtors' dog biting Jennifer Stewart should be Dischargeable.

## FACTS

The parties had previously filed Cross Motions for Summary Judgment in this matter. While the litigants had stipulated to most of the relevant facts, there remained genuine issues of material fact concerning the dog's vicious propensities, and the Debtors' knowledge of the dog's viciousness. See, In re Gargac, 88 B.R. 129 (Bankr.N.D.Ohio 1988).

The testimony of the witnesses called at Trial recounted one event in which the white german shepherd, named "Yeti", barked and growled at Mike Stewart, Jennifer's father, and prevented him from leaving his truck. At that time, Mr. Stewart requested that the dog be kept chained when Mr. Gargac was not home. The Gargac's complied with Mr. Stewart's request, and generally chained the dog. There was testimony presented showing that Yeti obeyed voice commands from Mr. Gargac, and had not previously bitten anyone. There was also testimony that the dog had barked and growled in a "vicious and menacing" manner in the past.

The events surrounding the biting incident remain unclear. The only witness to the actual attack was Jennifer Stewart, who was Four (4) years old at the time she was bitten. Jennifer Stewart, now Seven (7), was allowed to testify at the Trial.

## LAW

The Complaint seeks to have the Court find the damages from the dog bite to be nondischargeable under § 523(a)(6), which states:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

As noted in the Memorandum Opinion and Order denying Summary Judgment,

the terms "willful and malicious" were defined in the recent Sixth Circuit decision *Perkins v. Scharffe,* 817 F.2d 392 (6th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 156, 98 L.Ed.2d 112. The *Perkins* decision held that "willful" means the deliberate and intentional doing of an act that necessarily leads to injury. *Perkins, supra* at 394. The Court of Appeals cited the definition of "malicious" found in 3 *Collier on Bankruptcy* ¶ 523.16 at 523–111 (15th ed. 1986):

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will.

*Perkins,* at 394.

■ Creditors seeking an exception to a debtors' discharge under § 523(a)(6) must sustain their burden of proof by clear and convincing evidence. *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988); *In re Clemens,* 83 B.R. 945, 947 (Bankr.N.D.Ohio 1988); *In re Weitzel,* 72 B.R. 253, 257 (Bankr.N.D.Ohio 1987).

In order to hold that the Debtors' actions were "willful" under § 523(a)(6), the Court must conclude that leaving the dog unchained, while Mr. Gargac was home, necessarily led to the dog's attack. While this definition provides some guidance, the standard is somewhat amorphous. When viewed with the benefits of hindsight, causation is easily seen, and "necessity" may be attributed to actions which were not clearly injurious when they were done. Thus, it appears that Congress intended the Court to view the Debtors conduct as it appeared at the time the allegedly "willful and malicious" action took place.

■ Viewing the Debtors' actions as they appeared at the time of the incident, the circumstances do not reflect the presence of warning factors which would lead the Court to conclude that Debtors acted willfully under § 523(a)(6). An action for negligence requires only that an injury be foreseeable. However, for an action to be willful, it appears that the injury must be virtually certain to follow from the wrongful act. The actions of the Debtors do not rise to that level. As the testimony introduced by the Plaintiff reflects, Jennifer Stewart's parents did not view the dog as an imminent threat when Mr. Gargac was home. There was no warning to the Gargac's from a previous bite. The dog was trained, at least to the point where it would obey Mr. Gargac's commands. Based on these factors, the Court must conclude that the attack was not a result of a willful act by the Debtors in leaving the dog unchained. The standard is higher than mere recklessness, and the Plaintiff in the course of this trial, has failed to prove by clear and convincing evidence that the actions of the Gargac's were willful. Consequently, there is no need to address the issue of maliciousness under the two part test for nondischargeability under § 523(a)(6).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, the Court finding that Debtors' actions were not willful, it is

ORDERED that the obligation arising from the Debtors' dog biting Jennifer Gargac be, and is hereby, Dischargeable.

It is FURTHER ORDERED that the Plaintiff's Complaint be, and is hereby, Dismissed.