**In re Thomas HICKMAN, Helen Hickman, Debtors.**

**John HUNTER, Trustee, Plaintiff,**

**v.**

**Thomas HICKMAN, et al., Defendants.**

**Bankruptcy No. 92–3345.**
**Related No. 92–31706.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 27, 1993.

John J. Hunter, Toledo, OH, trustee.

Richard J. Szczepaniak, Toledo, OH, for defendants.

MEMORANDUM OPINION
AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Memorandum In Support of Summary Judgment, Amended Motion for Summary Judgment, and Response to Defendants Memorandum; and Defendant's Memorandum of Debtor/Defendant Contra To The Motion For Summary Judgment of Plaintiff. The Court has reviewed the written

arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment should be Denied and that Plaintiff's Complaint should be Dismissed.

## FACTS

The parties concur that the following facts are true. On April 30, 1992, Debtors, Thomas and Helen Hickman filed a joint petition in bankruptcy under Chapter 7. Both Debtors attended the 341 Meeting of Creditors which was convened on June 16, 1992. On July 30, 1992, Plaintiff filed with the Clerk of Court a Subpoena for Rule 2004 Examination. Plaintiff did not file a motion requesting Debtor's compliance with the Rule 2004 Examination nor did this Court order a Rule 2004 Examination.

On August 6, 1992, Debtor, Thomas Hickman, and his Counsel appeared in Plaintiff's office as instructed by the subpoena. Debtor's counsel apprised the Trustee that the Examination was not initiated in accordance with the requirements of Rule 2004. Based upon that representation by Defendant's Counsel, the Trustee did not conduct the examination.

Plaintiff filed a Complaint to Deny/Revoke Discharge of Thomas Hickman on August 10, 1992. Plaintiff's basis for the Complaint is Defendant's failure to comply with the lawful order of court requiring him to submit to a Rule 2004 Examination. Defendant's Answer was filed on October 22, 1992. In his Answer, Defendant asserts that although a subpoena was issued by the clerk, it is not a lawful order of court. Defendant contends that a Rule 2004 Examination may only be conducted after a party in interest files a motion and the court orders the examination.

A Pre-Trial was conducted on Plaintiff's Complaint to Deny Discharge on September 25, 1992. Both Counsel agreed to submit this matter to the Court based upon the written arguments of Counsel. The Court Ordered the following briefing schedule: Plaintiff's Motion for Summary Judgment to be filed by Monday, October 26, 1992; Defendant's Response to be filed by Tuesday, November 10, 1992; and Plaintiff's Reply to be filed by Tuesday, November 17, 1992. Plaintiff filed a Motion for Summary Judgment on November 13, 1992 and an Amended Motion for Summary Judgment on November 16, 1992. Defendant was granted leave to plead or otherwise defend Plaintiff's Motions for Summary Judgment by January 2, 1993. Defendant filed a Memorandum of Debtor/Defendant Contra to the Motion for Summary Judgment of Plaintiff on January 4, 1993. More than seven (7) days elapsed and Plaintiff filed a Response to Defendant's Memorandum on January 15, 1993.

## LAW

The relevant BANKRUPTCY RULES read as follows:

**Rule 2004. Examination**

**(a) Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.

**(c) Compelling Attendance and Production of Documentary Evidence.** The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for attendance of witnesses at a hearing or trial.

**Rule 9016. Subpoena.**

Rule 45 FR Civ P applies in cases under the Code.

The relevant RULES OF CIVIL PROCEDURE read as follows:

**Rule 45. Subpoena.**

**(a) Form; Issuance.**

(2) A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a

place more than 100 miles from the place where that person resides ...

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

The relevant section of the BANKRUPTCY CODE reads as follows:

**11 USC § 727**

**§ 727. Discharge.**

(a) The Court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

## DISCUSSION

Plaintiff alleges in his Complaint that Defendant's discharge should be revoked or denied for his failure to comply with a Court order. The gravamen of Plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment is that the issuance of a subpoena under Rule 2004 does not require judicial intervention and therefore a motion seeking a court-ordered examination is superfluous. Plaintiff further argues that Defendant's remedy is to file a motion quashing or modifying the subpoena. According to Plaintiff, Defendant failed to comply with the subpoena by tendering the requested documentation during the Rule 2004 Examination. In Plaintiff's estimation, Defendant is required to comply with the provisions of the subpoena since he failed to invoke the Court's authority to quash or modify it. Under 11 U.S.C. § 727(a)(6), Defendants refusal to comply with this Court's Order is grounds for denial or revocation of discharge.

Defendant argues that his discharge should not be revoked or denied as the subpoena is only a mechanism which compels attendance at the Rule 2004 Examination. Defendant states that pursuant to Bankruptcy Rule 2004, the Examination must be initiated by motion of any party. The Court then determines if the Rule 2004 Examination is with merit. Since the Trustee failed to comply with the requirements of Rule 2004, Defendant's appearance on August 6, 1992 was voluntary. Defendant asserts that his discharge should not be denied or revoked for Trustee's failure to follow the Rule.

Based upon the arguments of counsel, this Court must determine first, whether the subpoena issued by Plaintiff in this case is sufficient to compel Defendant's to submit to a Rule 2004 Examination; and second, whether Defendant, Thomas Hickman's discharge should be revoked or denied for his failure to submit to a Rule 2004 Examination.

Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Bankruptcy Rules provides that summary judgment will be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. The movant must be able to demonstrate all elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.*, 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in a light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256, (Bkrtcy.N.D.Ohio 1987) (citing *In re Sostarich*, 53 B.R. 27 (Bankr. W.D.Ky.1985)).

To succeed under 11 U.S.C. § 727(6)(A), Plaintiff bears the burden of proving that the subpoena issued to Defendant compelling his attendance at a Rule 2004 Examination is a lawful order of court. Plaintiff must further prove that Debtor refused to obey that order.

Bankruptcy Rule 2004 was initially promulgated so that the bankrupt could be examined at such other times than the first meeting of creditors. *Cameron v. United States*, 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448 (1914). As a result of such examination, the Court was to gain a clear picture of the condition and whereabouts of the bankrupt's estate. *Cameron, id.*, 231 U.S. at 717, 34 S.Ct. at 246. Rule 2004(a) specifically sets forth the manner of moving for an examination. It allows, without

pending action of any kind, examination of any entity on *motion filed with the court* (emphasis added) pursuant to Rule 2004(a). 8 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY para. 2004.03 (15th Edition 1992). Absent local rule to the contrary, an examination under Rule 2004 is initiated by motion of any party in interest. 8 COLLIER ON BANKRUPTCY, ID., at para. 2004.03[2]. The motion may be heard *ex parte* or it may be heard after disseminating notice.

 In this case, the Court takes judicial notice of its own docket and local rules. The record is devoid of any motions initiated by Plaintiff in accordance with Rule 2004(a). The record is further devoid of any court orders mandating a Rule 2004 Examination. Although a subpoena issued by the clerk under seal is sufficient to compel the attendance of witnesses under Rule 2004, it must be preceded by an order of court allowing the Rule 2004 Examination to commence. The subpoena issued by Plaintiff in this case is not equivalent to the motion contemplated in Rule 2004(a). Construing this evidence in a light most favorable to Defendant, this Court finds that Defendant did comply with the provisions of the subpoena. Defendant did not, however, refuse to obey a lawful order since none existed on August 6, 1992.

Based upon the aforementioned reasons, the Court finds that Plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment should be denied and that Defendant's discharge should not be denied or revoked under 11 U.S.C. § 727(a)(6)(A). Therefore, Plaintiff's Complaint to Deny or Revoke Discharge should be dismissed.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment be, and hereby is, DENIED; and that Plaintiff's Complaint to Deny or Revoke Defendant's Discharge be, and hereby is, DISMISSED.