In re Wayne G. HORST, Debtor.

Alan M. HILL, Plaintiff,

v.

Wayne G. HORST, Defendant.

Bankruptcy No. 90–11832–7.
Adv. No. 90–5236.

United States Bankruptcy Court,
D. Kansas.

March 8, 1993.

**564**

Richard Page and John T. Steere of Shook, Hardy & Bacon, Overland Park, KS, for plaintiff.

Laurie B. Williams of Redmond, Redmond & Nazar, Wichita, KS, for debtor.

John E. Foulston, U.S. Trustee, Wichita, KS.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

### JURISDICTION

The parties have stipulated in the pretrial order that the Court has jurisdiction over the parties and subject matter of the action; that venue in this district is proper; that all necessary and indispensable parties are joined; and that the Court may try this adversary proceeding to final judgment.

The Court finds independently of the stipulation that this adversary proceeding is core under 28 U.S.C. § 157 and that the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984.

### BACKGROUND AND CONTENTIONS

The parties to this adversary proceeding were previously litigants in Case No. 88C 1027 before the District Court of Douglas County, Kansas, where on March 28, 1990, Alan M. Hill obtained a fraud judgment against Wayne G. Horst in the amount of $12,000.00.

Wayne G. Horst filed this Chapter 7 case, No. 90–11832–7, on June 22, 1990.

Continuing the battle, Alan M. Hill filed this adversary proceeding on September 24, 1990, alleging the indebtedness represented by his $12,000.00 Douglas County, Kansas, fraud judgment against Horst is nondischargeable under 11 U.S.C. § 523(a)(2)(A), i.e., a debt obtained by fraud is excepted from discharge.

Hill then filed a Motion for Summary Judgment on March 21, 1991, arguing that the Douglas County judgment collaterally estops the debtor from relitigating the factual and legal findings made by that court in its March 28, 1990, Memorandum Decision. Hill contends that the judgment is final and binding; that the Douglas County District Court findings establish all the necessary elements for denial of dischargeability under § 523(a)(2)(A); and that he is entitled to summary judgment in this adversary proceeding.

Horst filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on April 17, 1991. He contends that the doctrine of collateral estoppel does not prevent the Court from hearing the dischargeability issues raised by the plaintiff and that substantial issues of material fact exist regarding the necessary elements to establish nondischargeability under § 523(a)(2)(A).

The Motion for Summary Judgment is sustained; plaintiff's claim is held to be nondischargeable under § 523(a)(2)(A).

## DISCUSSION

Federal Rule of Civil Procedure 56, governing summary judgment, is applicable to bankruptcy proceedings through Fed. R.Bankr.P. 7056. The summary judgment rule provides that the Court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Collateral estoppel, or issue preclusion, is the doctrine which prevents relitigation of issues of fact which have already been tried between the same parties in a prior action. Collateral estoppel is binding on the bankruptcy court and precludes relitigation of a factual issue if: (1) the issue was actually litigated by the parties in the prior action; (2) the prior court's determination of the issue was necessary to the resulting final and valid judgment; and (3) the issue to be precluded is the same as that involved in the prior action. *In re Knights Athletic Goods, Inc.*, 128 B.R. 679, 683–84 (D.Kan.1991); *In re Tsamasfyros*, 940 F.2d 605, 606–607 (10th Cir.1991); *In re Wallace*, 840 F.2d 762, 765 (10th Cir. 1988).

Collateral estoppel is distinct from *res judicata*, or claim preclusion. The United States Supreme Court in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), stated:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. [Citations omitted] If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act;

similar to section 523 of the present Bankruptcy Code], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

■ In *In re Wallace*, 840 F.2d 762 (10th Cir.1988), the debtor appealed a finding of nondischargeability under § 523(a), arguing that the bankruptcy court had erroneously applied the doctrine of collateral estoppel by entering its order denying dischargeability of the debt. The Court of Appeals affirmed the judgment and cited the *Brown* decision. The court stated,

"Although the bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable, we believe that the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability, as the Supreme Court noted in *Brown*." (footnote omitted.)

*Id.* at 764.

More recently, in *Grogan v. Garner*, 498 U.S. 279, —— n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991), the United States Supreme Court noted that "[v]irtually every court of appeals has concluded that collateral estoppel is applicable to discharge exception proceedings," despite the fact that the Supreme Court had never formally held so. The footnote concludes with the court stating, "We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Id.* at —— n. 11, 111 S.Ct. at 658 n. 11.

Thus, the case law makes it clear that the doctrine of collateral estoppel is applicable to dischargeability actions under § 523(a)(2) and that it prevents relitigation of issues that are the same as ones actually litigated in an earlier state court proceeding if those issues are necessary to a final and valid judgment. The question presented, then, is whether the necessary elements of collateral estoppel have been established.

The plaintiff's Memorandum contains a Statement of Uncontroverted Facts which alleges:

8. On December 5, 1988, plaintiff filed his Petition in the Douglas County, Kansas District Court seeking judgment against debtor and debtor's corporation, Horst Enterprises, Inc., for fraud, breach of contract and recision. (See plaintiff's Petition, attached hereto as Exhibit 7.)

9. A pretrial conference was held before the Honorable James W. Paddock on September 1, 1989. (The Pretrial Order is attached hereto as Exhibit 8).

10. Thereafter, the case came on for trial before the Honorable James W. Paddock. The case was tried to the court. Mr. Hill was the only witness for the plaintiff and Mr. Horst was the sole witness for the defendants. In addition, plaintiff presented numerous exhibits establishing that debtor used the funds obtained from Mr. Hill for defendant's own personal use and that defendant committed fraud by misrepresenting his intent to use plaintiff's funds for the drilling of the test wells on the Matthew and Sutton Prospects.

11. On March 27, 1990, the Honorable James W. Paddock issued a Memorandum Decision finding debtor liable to plaintiff for fraud and breach of contract and rescinding the contract. Judge Paddock awarded plaintiff damages in the amount of $12,000. (See Judge Paddock's Memorandum Decision, attached hereto as Exhibit 4).

Memorandum of Alan M. Hill in Support of His Motion for Summary Judgment filed March 21, 1991, at 3–4.

The debtor does not dispute paragraphs 8 and 9 of the above-quoted "Statement of Uncontroverted Facts." However, he does dispute paragraph 10 by stating that the plaintiff has failed to provide the Court with a transcript of the state court trial record or copies of the alleged exhibits that were offered at trial. His Memorandum in Opposition to Plaintiff's Motion for Summary Judgment also states that he disputes paragraph 11, but the brief contains no

discussion regarding the nature of that dispute.

Attached as Exhibit 4 to plaintiff's Memorandum in Support of His Motion for Summary Judgment is a copy of the state court's Memorandum Decision filed March 28, 1990, in *Alan M. Hill v. Horst Enterprises, Inc. et al.*, Case No. 88C 1027. The Memorandum Decision is set out in full in the attached Appendix.

First, the debtor contends that the plaintiff has not established that the issue of fraud necessary to a determination under § 523(a)(2) was actually litigated in state court. The Court rejects this argument and finds that the debtor has failed to meet his burden of responding to the Motion for Summary Judgment on this point.

■ The debtor's bald assertion that the plaintiff has failed to prove that the relevant issue was actually litigated is insufficient to controvert this fact. Following the decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), this Court held in *In re Doskocil Companies, Inc.*, 130 B.R. 858, 862 (Bankr. D.Kan.1991) that it was the burden of the party opposing summary judgment to come forward with any of the kinds of evidentiary materials listed in Fed.R. of Civ.P. 56(c), "except the mere pleadings themselves...." in order to oppose a motion for summary judgment. Fed.R. of Civ.P. 56(f) provides that if a party is unable to present facts essential to that party's opposition to the summary judgment motion, the party shall state the reason by affidavit.

The Court finds that the debtor has failed to meet his burden of controverting the fact that the dispositive issue in this proceeding was actually litigated in state court. There is actually no assertion by the debtor that the trial did not occur. Further, the debtor has presented no evidentiary material regarding this point for this Court to consider; has failed to indicate that the evidence is unavailable; and has not asserted that the motion was heard without adequate notice or sufficient time for discovery.

The debtor also objects to the plaintiff's failure to provide a transcript and exhibits

from the state court proceeding on the grounds that the record supplied, which included the Petition, Pretrial Order and Memorandum Decision, is insufficient to apply the doctrine of collateral estoppel in this case. The Court finds that the record supplied is sufficient to allow application of the doctrine of collateral estoppel.

This Circuit's decision in *Wallace*, 840 F.2d 762, affirmed the bankruptcy court's application of the doctrine of collateral estoppel where the court had relied on the state court judgment and complaint. The court stated:

> The state-court judgment ... reflects that the issues necessarily addressed to establish that Wallace embezzled funds entrusted to him were actually litigated by the parties.... The state-court judgment also reflects that the court's determination of the issues necessary to establish embezzlement was essential to and, in fact, resulted in the final judgment of the case.

*Id.* at 765.

The debtor cites to two cases illustrating circumstances where collateral estoppel should not be applied—*In re Weitzel*, 72 B.R. 253, 257 (Bankr.N.D.Ohio 1987), where the court was asked to apply the doctrine of collateral estoppel solely on the basis of a Referee's Report, and *In re Somerville*, 73 B.R. 826, 838 (Bankr. E.D.Pa.1987), where the court was provided only with proof of a jury verdict granting punitive damages, without anything more.

However, the facts of this case are clearly distinguishable from *Weitzel* and *Somerville*. Plaintiff has stated that a full trial occurred in state court and he has appended to his pleadings a copy of the Petition, Pretrial Order and Memorandum Decision entered in *Hill v. Horst Enterprises, Inc. et al.*, Case No. 88C 1027. These pleadings establish that the plaintiff requested and received a judgment against the debtor for fraudulent conduct in the form of false representation.

Plaintiff's Exhibit 8, the Pretrial Order, was signed by Judge Paddock and entered on January 9, 1990, in the Douglas County District Court. It states at pages five and six that the trial would be to the court on January 15, 1990, at 9:00 a.m. at the Douglas County Courthouse. The Memorandum Decision entered on March 28, 1990, makes specific findings of fact and conclusions of law. There is no indication that the issue was not actually litigated. The Court finds that the record supplied is sufficient to determine the application of collateral estoppel and that the record establishes that the issue to be precluded was actually litigated.

The second element necessary for application of collateral estoppel is that the state court's determination of the issue be necessary to the resulting final and valid judgment. There is little need to dwell on this element. The state court action, as stated in the Pretrial Order and the Memorandum Decision, was for breach of contract and fraud. The determination of the issue sought to be precluded from relitigation in this matter, the debtor's fraudulent conduct, was necessary to the resulting final and valid fraud judgment entered by the Douglas County District Court. There is no contention that the state court's order is not a final and valid judgment.

The third and final element necessary for application of the doctrine of collateral estoppel is that the issue to be precluded must be the same as that involved in the prior action.

The defendant contends that the standard for the determination of fraud used by the state court is different from the standard applicable under § 523(a)(2)(A) and the application of collateral estoppel is therefore prohibited.

The state court's Memorandum notes that the plaintiff, Hill, had requested a personal judgment against Horst but that Horst claimed that he did not have any personal liability on the contract because the contract was between the plaintiff and Horst Enterprises, Inc. The Memorandum made findings of fact, numbered one through ten, with the conclusions of law set out in eight separately numbered para-

graphs. The court found that the defendant Horst was personally liable to Hill, and stated:

2. The statements made by Horst to induce the Plaintiff to enter into the contract were untrue and known by Horst to be untrue at the time he made the statements. The statements were made with the intent to deceive or were recklessly made with a disregard for the truth. The statements were justifiably relied upon by the Plaintiff to his damage and constitute fraud. *Nordstrom v. Miller,* 227 Kan. 59, 65, 605 P.2d 545 (1980).

3. The Defendant Horst is personally liable to the Plaintiff on the contract for the following reasons:

a. Fraudulent conduct. *Amoco Chemicals Corp. v. Bach,* 222 Kan. 589, 595, 567 P.2d 1337 (1977).

Memorandum Decision filed March 28, 1990, in *Hill v. Horst,* Case No. 88C 1027, at 2–3.

The Kansas Supreme Court in *Nordstrom v. Miller,* 227 Kan. 59, 65, 605 P.2d 545 (1980), stated that: "Actionable fraud includes an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his injury and damage."

Section 523(a)(2)(A) provides that a debtor is not entitled to a discharge from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...."

In *In re Mullet,* 817 F.2d 677 (10th Cir. 1987), the court set out the following elements that the creditor must prove in order to prevent discharge under § 523(a)(2)(A):

[T]he debtor made a false representation or willful misrepresentation; the representation was made with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the creditor

sustained a loss as a result of the debtor's representation.

*Id.* at 680.

The Sixth Circuit had held in *In re Phillips,* 804 F.2d 930, 934 (6th Cir.1986), that a representation made with gross recklessness as to its truth and with knowledge that it would induce the creditor to make a loan fulfills the intent to deceive requirement for nondischargeability for fraud or false pretenses under § 523(a)(2)(A). "At a minimum this misrepresentation was made with gross recklessness as to its truth and with the knowledge that it would induce the Comans to make the loan; this fulfills the necessary element of intent to deceive. *See [In re] Martin,* 761 F.2d [1163] at 1167 [6th Cir.1985]." *See also In re Matera,* 592 F.2d 378, 380 (7th Cir.1979) (per curiam); *In re Houtman,* 568 F.2d 651, 655–56 (9th Cir.1978); *In re Edwards,* 67 B.R. 1008, 1010 (Bankr.D.Conn.1986) ("A showing of reckless indifference to the truth is sufficient to demonstrate actual knowledge, ... and the requisite intent to deceive.").

Our Circuit adopts a similar stance regarding the next subsection of the Code, § 523(a)(2)(B), in *In re Black,* 787 F.2d 503, 506 (10th Cir.1986), where it states that the required element of intent to deceive "may be inferred from a sufficiently reckless disregard of the accuracy of the facts." The *Black* decision cites *Waterbury Community Federal Credit Union v. Magnusson (In re Magnusson),* 14 B.R. 662 (Bankr. N.D.N.Y.1981), on the issue of recklessness. *Magnusson* provides:

Obtaining credit by a materially false financial statement will prevent bankruptcy discharge if the bankrupt-debtor either (1) had actual knowledge of the falsity of the statement, or (2) demonstrated reckless indifference to the accuracy of the facts stated therein. Where a person knowingly or recklessly makes a false representation which the person knows or should know, will induce another to make a loan, intent to deceive may logically be inferred. This inference arises because where a debtor knowingly makes a false statement, he must be held to have intended the natural and neces-

sary consequences of his act. (Citations omitted.)

*Id.* at 669.

Chief Bankruptcy Judge Benjamin E. Franklin for the District of Kansas has recognized in the context of § 523(a)(2)(A) that:

It has been held that intent to deceive may be inferred from a knowingly made false statement. *Carini v. Matera,* 592 F.2d 378 (7th Cir.1979); *In re Gessler,* 11 B.R. 489 (Bkrtcy., W.D.Wis.1981). This Court finds that the defendant made several knowingly false statements. Thus, this Court finds that the defendant had the intent to deceive plaintiff.

*In re Brewood,* 15 B.R. 211, 215 (Bankr. D.Kan.1981).

The Court rules that the standard for determining fraud used by the state court is equivalent to the standard applicable under § 523(a)(2)(A) and that the application of the doctrine of collateral estoppel is proper in this case. The Court rejects the debtor's claim that the language from the state court Memorandum "made with the intent to deceive or were recklessly made with a disregard for the truth" prevents this Court from granting summary judgment to the plaintiff. There is no demonstrated merit to the debtor's position that the statements made by the debtor may have been recklessly made and if so, then the debtor did not have the actual intent required to establish actual fraud under the Bankruptcy Code.

■ In this case, the state court expressly stated in its Memorandum Decision that the statements made by the debtor to induce the plaintiff to enter into the contract were untrue and known by the debtor to be untrue at the time that he made them. From this finding, the state court concluded the debtor was guilty of fraudulent conduct. This is equivalent to the finding of fraud necessary to deny discharge under § 523(a)(2)(A). As the cases cited above indicate, it is not necessary for the state court to find specifically that the debtor's actions were done with the intent to deceive. Rather, the intent to deceive may be inferred from a knowingly made false statement.

Accordingly, the Court finds that the debtor is collaterally estopped from relitigating the finding of fraud made by the state court in the *Hill v. Horst* Memorandum Decision. Summary judgment is proper here where there are no genuine issues of material fact. Plaintiff's motion is granted and debtor's $12,000.00 indebtedness to plaintiff is declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

The foregoing discussion shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

## APPENDIX

### March 27, 1990
### MEMORANDUM DECISION

This is an action for breach of contract and fraud wherein the Plaintiff requests relief by rescission of the contract, judgment for the money the Plaintiff paid on the contract and punitive damages. The Plaintiff requests a personal judgment against the Defendant, Wayne G. Horst (Horst).

The Defendants deny fraud or that the contract was breached. Horst claims the contract was between the Plaintiff and Horst Enterprises, Inc. (corporation) and he has no personal liability on the contract. Horst also claims a corporation by estoppel and de facto status.

*Finding of Fact*

1. On September 4, 1987, the Plaintiff entered into two written agreements for an undivided one-sixteenth working interest in each of two test wells to be drilled on oil and gas properties in Ness and Hodgeman Counties, Kansas.

2. The agreements recited the corporation was operator of the leases, but was signed by Horst as an individual.

3. The Plaintiff paid $6,000.00 for each of the two fractional working interests for a total of $12,000.00 for both agreements.

4. At the request of Horst, the Plaintiff executed two checks for $6000.00 each made payable to the order of the corporation.

5. As an inducement to convince the Plaintiff to enter into the contracts, Horst told the Plaintiff that test wells would be drilled on the property before the end of the year 1987 and that the Plaintiff's money and that of the other investors would be used for drilling of the test wells.

6. Test wells were not drilled by the end of 1987 and in fact, no test wells have been drilled to this date.

7. At the time Horst solicited the Plaintiff's participation, the bank account in the corporate name contained $76.00.

8. The corporation had never paid dividends to stockholders and in fact; Horst was the only stockholder, director and officer of the corporation.

9. Horst had used corporate funds for his personal use and used funds received from the Plaintiff for his own use.

10. On January 15, 1985, the corporate charter of the corporation was forfeited for failure to file an annual report and pay fees pursuant to K.S.A. 17-7510 as amended, a fact known to Horst, but unknown to the Plaintiff.

*Conclusions of Law*

1. The contract has been breached in that no test wells have been drilled as promised by Horst by the end of the year 1987, and with due diligence as stated in the agreements.

2. The statements made by Horst to induce the Plaintiff to enter into the contract were untrue and known by Horst to be untrue at the time he made the statements. The statements were made with the intent to deceive or were recklessly made with a disregard for the truth. The statements were justifiably relied upon by the Plaintiff to his damage and constituted fraud. *Nordstrom v. Miller*, 227 Kan. 59, 65, 605 P.2d 545 (1980).

3. The Defendant Horst is personally liable to the Plaintiff on the contracts for the following reasons:

a. Fraudulent conduct. *Amoco Chemicals Corp. v. Bach*, 222 Kan. 589, 595, 567 P.2d 1337 (1977).

b. By attempting to act in the corporate name after the charter of the corporation had been forfeited. *Black, Sivalls & Bryson v. Connell*, 149 Kan. 118, 86 P.2d 545 (1939).

c. By Horst using the purported corporation as his alter-ego thus making it just and equitable to disregard the corporate entity. *Sampson v. Hunt*, 233 Kan. 572, 665 P.2d 743 (1983).

4. Estoppel is not a valid defense to Horst in this case for the following reasons:

a. Neither party has attempted to assert a defective incorporation of the corporation in this case, thus K.S.A. 17-7104(a) is not applicable.

b. The deception of these transactions was on the part of Horst—not the Plaintiff, thus Horst cannot rely on any wrongful act of the Defendant to claim estoppel. 28 Am.Jur.2d *Estoppel & Waiver*, sec. 79 at 719.

c. Horst attempted to act in the corporation's name after the corporate charter had been forfeited.

5. Horst did not make a good faith attempt to comply with applicable statutory requirements and cannot rely on de facto corporate status.

6. The contract is ordered rescinded and judgment is entered for the Plaintiff against the Defendant, Wayne G. Horst for $12,000.00.

7. The Plaintiff has not evidenced injury other than pecuniary loss for breach of contract, thus the Court will not award punitive damages. *Hess v. Jarboe*, 201 Kan. 705, 709, 443 P.2d 294 (1968); *Maybery [Mabery] v. Western Casualty & Surety Co.*, 173 Kan. 586, 250 P.2d 824 (1952); 25 C.J.S. *Damages*, sec. 120 pp. 1128–1129.

8. This memorandum constitutes a journal entry.

/s/   James W. Paddock
District Judge