In re Gary and Jill **LEWIS,** Debtors.

Datha **HILE,** Plaintiff,

v.

Gary **LEWIS,** et al., Defendants.

Bankruptcy No. 92–3417.
Related No. 92–32414.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 18, 1994.

Keith M. Schnelle, Sidney, OH, for plaintiff.

Steven L. Becker, Lima, OH, for defendants.

Bruce C. French, Lima, OH, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Partial Summary Judgment and Debtors' Response to Motion for Partial Summary Judgment. The Court has reviewed the written arguments of counsel, supporting affidavits, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Plaintiff's Motion for Partial Summary Judgment should be Denied.

### FACTS

In March, 1990, Defendants were owners of real property located in Shawnee Township, Lima, Ohio. On April 18, 1991 and May 2, 1991, the Board of Trustees of the Allen Water Project (hereafter "Board") conducted meetings in which a waterline project was discussed for Shawnee Township residences. The Minutes of the April 18, 1991 meeting indicate that letters, advising the residents of the project, were printed and ready for distribution. The Minutes of the May 2, 1991 meeting refer to the dissemination of letters regarding the project to residents with addresses which were two (2) months old. The Notice of the Board's Resolution letter, specifically addressed to Defendants, is dated May 3, 1991. Gary Lewis signed a "Return Receipt" and retrieved the Board's Notice on May 16, 1991.

Contemplating the sale of the residential real estate to Plaintiff on May 10, 1991, Defendants executed an Affidavit which reads in relevant part as follows:

1. All taxes, assessments or other charges now a lien against the Premises are shown on the Treasurer's duplicate, and no improvements (site or area) have been installed by public authority, the costs of which may be assessed against the Premises. *Seller has not been notified within the period of two years immediately preceding the date hereof of contemplated improvements (site or area) to the Premises by public authority, the costs of which are to be assessed against the Premises in the future nor has Seller any notice*

*of condemnation or other exercise of the power of eminent domain.* (Emphasis Added).

On June 26, 1992, Defendants filed for relief under Chapter 7 of the Bankruptcy Code, naming Plaintiff as a Creditor holding an unsecured nonpriority claim. Plaintiff filed a Complaint to Determine Dischargeability of two (2) claims. The first claim includes the dischargeability of a judgment lien on the real estate which was not divulged by Defendants prior to transfer of title. This Court in its Memorandum Decision and Order of July 27, 1993, determined that the judgment lien was not dischargeable. The second claim, which is the subject of this Memorandum Decision and Order, includes a determination regarding the dischargeability of a waterline assessment approved by the Board prior to sale of the real estate to Plaintiff. Disposition of the second claim resolves all claims raised in Plaintiff's Complaint.

### LAW

11 U.S.C. § 523(a)(2)(A) reads as follows:

§ 523. **Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

### DISCUSSION

Although Defendants executed an Affidavit disavowing any knowledge of contemplated improvements to the real estate, Plaintiff contends that Defendants knew of the proposed waterline improvements prior to the real estate closing. According to Plaintiff, Defendant's failure to divulge the prospective lien creates a nondischargeable debt in an amount equal to the lien on her real estate which is attributable to the waterline assessment.

In response, Defendants argue that notice of the proposed assessment was received after the real estate closing and after the execution of the Affidavit. Consequently, Plaintiff has no cause of action for breach of warranty or for denial of dischargeability. Moreover, Defendants claim that since the real property will increase in value as a result of the improvements, Plaintiff has no compensable damages.

■ The issue respecting dischargeability of the assessment is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). However, the existence and validity of the waterline assessment is a related, non-core proceeding. See *Atassi v. McLaren (In re McLaren),* 990 F.2d 850 (6th Cir.1993). Absent the consent of the parties, Section 157(c)(1) does not permit Bankruptcy Courts to issue final orders in non-core and related proceedings. Since the record does not reflect the consent of all parties, this Court will not make a determination regarding the existence or validity of the waterline assessment.

The standards for summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file, show that there is no genuine issue of material fact; and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To prevail, the movant must be able to demonstrate all elements of the alleged cause of action. *R.E. Cruise, Inc., v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). A motion for summary judgment must be construed in a light most favorable to the party opposing the motion. *In re Weitzel,* 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987) (quoting *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky.1985)).

■ The standard of proof in determining dischargeability of debts obtained by false pretenses or false representation under Section 523(a) is a preponderance of evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The burden of proof is on the person objecting to

discharge. *In re Dunston*, 146 B.R. 269 (D.Colo.1992) (citing *Driggs v. Black (In re Black)*, 787 F.2d 503, 505 (10th Cir.1986)). To succeed in proving the existence of a false pretense or representation, Plaintiff must show the coexistence of the following:

1. Defendants obtained money from Plaintiff through a material misrepresentation;

2. Defendants made the representation with knowledge of its falsity or with gross recklessness as to its truth

3. Defendants intended to deceive Plaintiff;

4. Plaintiff relied upon Defendants' false representations; and

5. Plaintiff's reliance upon Defendants' false representations is the proximate cause of Plaintiff's loss.

*Ohio Savings Bank v. Larson (In re Larson)*, 103 B.R. 160, 163 (Bankr.S.D.Ohio 1989) (citing *Coman v. Phillips (In re Phillips)*, 804 F.2d 930 (6th Cir.1986) *abrogated on other grounds by Grogan v. Garner, supra*).

A "false pretense," as used in Section 523(a)(2)(A), is defined as an implied misrepresentation or conduct intended to create or foster a false impression. *In re Begun*, 136 B.R. 490 (Bankr.S.D.Ohio 1992) (citing *In re McCoy*, 114 B.R. 489, 498 (Bankr.S.D.Ohio 1990)). In effect a false pretense is designed to convey an impression without oral representation. A "false representation," as used in Section 523(a)(2)(A), is an expressed misrepresentation. *In re Begun, id.* (citing *In re Dunston*, 117 B.R. 632, 639–40 (Bankr.D.Colo.1990) *aff'd in part and denied in part on other grounds in In re Dunston*, 146 B.R. 269 (D.Colo.1992)).

Undoubtedly, Defendants obtained money from Plaintiff based upon the material representation contained in their Affidavit. Plaintiff's proof falls short in establishing whether Defendants' representation can be classified as a material misrepresentation, which Defendants made with knowledge of its falsity or gross recklessness for the truth. As proof of Defendants' scienter, Plaintiff presents the Affidavit of T. Herb Lauer, Secretary for the Board, in which he avers

that "warm-up" letters, copies of which are affixed and denominated as "Exhibit B", were mailed to all property owners by parcel number within the waterline assessment area. Exhibit B is a blank copy of the computer generated form deemed a "warm-up" letter. In addition, the Affidavit incorporates Minutes of Board meetings conducted on April 18, 1991 and May 2, 1991. This Court finds that neither Exhibit B nor the Board Minutes contains any information specific to Defendants. Exhibit B is sufficient on its face to show that the Board prepared a "warm-up" letter; however, there is no proof that one was specifically prepared or mailed to Defendants. The Minutes do not indicate that Defendants appeared at any Board Meetings or had any prior knowledge of the proposed assessment.

What Plaintiff's evidence does prove is that Defendants knew of the waterline assessments on May 16, 1991, six (6) days after the execution of the Affidavit and real estate closing. Thus, the representation that Defendants had not been notified within the previous two (2) years regarding contemplated improvements to the real estate, was true at the time of the execution of the Affidavit and real estate closing. Construing this evidence in a light most favorable to Defendants, this Court can only conclude that Defendants did not intend to deceive Plaintiff as they were without the requisite knowledge to make a false representation or create a false pretense. It also follows that Plaintiff could not have relied upon Defendants' false representation since at the time said representation was made, it was true. Therefore, Plaintiff's reliance upon Defendants' true representation is not the proximate cause of her claimed loss, if any, and this Court must deny Plaintiff's Motion for Partial Summary Judgment.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

***ORDERED*** that Plaintiff's Motion for Partial Summary Judgment be, and is here-

by, **DENIED;** and that disposition of Plaintiff's Motion for Partial Summary Judgment concludes all pending litigation in this case.